HERMAN KRUEGEL v. A. B. RAWLINS ET AL.

App. No. 6549.    Decided January 12, 1910.

1.—Judgment—Execution—Injunction—Jurisdiction.

A judgment defendant can maintain suit against the plaintiff in judgment and others claiming to control the issuance of execution, in a court other than that rendering the judgment, to determine the right to control it; a judgment in such case divesting the plaintiff in judgment of its ownership and enjoining

him and the clerk and sheriff from issuing or levying execution, was not void on the ground that it was beyond the power of the one court, by injunction against the officers of the other, to deprive the latter of the right to control its own processes and execute its own decrees. (Pp. 87, 88).

**2.—Same—Presumption in Support of Judgment.**

In an action by a plaintiff in judgment in the District Court for damages against the clerk of the court and his sureties for refusal to issue an execution thereon, a judgment of another District Court enjoining such clerk from so doing will, in the absence of proof, be presumed to have been rendered upon issues which would support the jurisdiction of the court to render such decree. (P. 88).

Application for writ of error to the Court of Civil Appeals for the Fifth District, on error from Dallas County.

*Herman Kruegel, in pro. per.* for application.—Said judgment shows on its face that it enjoins and restrains the issuing of execution and the enforcing and collection of a valid and subsisting money judgment rendered in another (the Fourteenth District) Court, over which the Forty-fourth District Court has absolutely no jurisdiction or control. (Rev. Stats., art. 2996; Cook v. Baldridge, 39 Texas, 250; Winnie v. Grayson, 3 Texas, 429; Hendricks v. Cannon, 2 Texas, 59; Adoue v. Wettermark, 22 Texas Civ. App., 545.)

Every court has control of and over its own judgments and all final process to execute them, and may do so by contempt process. (Rev. Stats., art. 1339; Walker v. McMasters, 48 Texas, 213; Lackney v. Campbell, 24 Texas Civ. App., 620; Hammond v. Decker, 46 Texas Civ. App., 232; Sayles Practice, pp. 595, 1183.)

MR. JUSTICE WILLIAMS delivered the opinion of the court.

This was an action by plaintiff in error against Rawlins and sureties on his bond, as clerk of the District Court of Dallas County, and against Charles F. Bolanz and J. P. Murphy for damages for the refusal of the clerk to issue execution on a judgment of the District Court of the Fourteenth District in favor of plaintiff in error against said Bolanz and Murphy. Judgment was rendered against the plaintiff because of another judgment which is thus stated in the statement of facts:

"The defendants offered in evidence the judgment of the District Court of the Forty-fourth Judicial District of Texas holding session in said Dallas County, rendered on the 26th day of March, 1904, in the case of Chas. F. Bolanz v. Herman Kruegel, et al., No. 22468, in which judgment it was decreed and adjudged that the ownership of said judgment of Herman Kruegel v. Murphy & Bolanz, No. 12634, rendered in the District Court of the Fourteenth Judicial District of Texas, on March 17, 1894, for $1318.60 had been divested out of said Kruegel, and that he did not own said judgment; and the said Kruegel, his agent and attorneys and H. W. Jones, the then district clerk of the District Courts of Dallas County, and his deputies and successors in office and their deputies, and J. Roll Johnson, sheriff of said Dallas County, and his deputies and successors in office and their deputies, were enjoined from issuing or levying any execution for said Kruegel upon said judgment rendered on March 17,

1894, by the District Court of the Fourteenth Judicial District of Texas, holding session in Dallas County, in said cause No. 12634, Herman Kruegel v. Murphy & Bolanz."

This was held by the District Court and the Court of Civil Appeals to be a bar to this action.

The objection made to this holding is that it was not within the power of one District Court finally and perpetually to enjoin the issuance of execution upon the judgment of another District Court and that the judgment is void.

It will be seen from the above statement that the record does not show what was the nature of the action in which the judgment thus attacked was rendered, nor who were all the parties to it. For all that appears it may have been an action by Bolanz against Kruegel and some other persons, claiming to the owners of the judgment and the right to the money due upon it, to have determined the questions thus in controversy. Such an issue between such adverse claimants could, we think, be determined by another court than that which rendered the judgment against Bolanz and Murphy, and the determination thereof would be binding upon the parties to such an action. We must presume, as far as may be done consistently with the record, that the judgment was such as to support the action of the courts below; and it would not entitle plaintiff in error to a reversal, even if we should hold that one court can not, by an injunction laid only upon the officers of another court of equal jurisdiction, deprive the latter of the power to control its own processes and to execute its own decrees. The District Court merely held that the clerk had no right or authority to issue an execution for Kruegel. That would be true, if the court by the judgment relied on by the defense, with proper parties and issues before it, determined that Kruegel was not entitled to control the process on the judgment sued on. What would be the effect of a judgment by which one court merely undertook to deprive the officers of another of the power to issue and execute its process in favor of a party entitled thereto by its judgment we need not decide, since we can not see from the record that that is the question upon which this case depends.

*Writ of error refused.*