### REALTY TRUST CO. v. GABERT et al.
### No. 1074.

Court of Civil Appeals of Texas. Waco.
June 18, 1931.

Goggans & Ritchie, of Dallas, for appellant.

Williams, Williams, McClellan & Lincoln, of Waco, for appellees.

ALEXANDER, J.

The Realty Trust Company brought this suit against L. Gabert, and Hal Hood, as sheriff of Dallas county, to enjoin the levy of an execution issued for the collection of the court costs in cause No. 28280, styled L. Gabert v. F. E. Demmer et al., in the nineteenth district court of McLennan county, Tex. It appears that in said cause No. 28280 L. Gabert sued F. E. Demmer and Annie Demmer for debt and to foreclose a vendor's lien, and Realty Trust Company as the holder of the second lien on the property. In that case judgment was entered for the plaintiff, Gabert, against Annie Demmer for his debt in the sum of $3,568.95 and for foreclosure of plaintiff's lien against all defendants. Realty Trust Company filed a cross-action, and judgment was entered in its favor against Annie Demmer and F. E. Demmer for its debt and foreclosure of a paving lien as a second lien on the property. The judgment provided that all costs should be taxed against Annie Demmer and Realty Trust Company. The judgment further provided that order of sale should issue for the sale of the property and that the sheriff apply the proceeds of the sale, "first, to the payment of all costs incurred herein, and second, to the payment and satisfaction of the judgment rendered in favor of the plaintiff, L. Gabert, herein, amounting to the total sum of $3,568.95," and third, to the judgment in favor of Realty Trust Company, and the balance, if any, to be paid to Annie Demmer. In the event the property did not sell for enough to pay all judgments therein rendered, the balance was to be made as under execution against the defendant Annie Demmer. Upon a sale of the property by the sheriff under order of sale, it was purchased by L. Gabert for the sum of $500, and the proceeds of the sale applied, first, to the payment of the costs of suit, and the balance was credited on the judgment obtained by L. Gabert. Gabert then sued out an execution against Realty Trust Company and Annie Demmer for the costs of suit and placed same in the hands of Hal Hood, as sheriff of Dallas county, and was seeking to have same levied upon the property of Realty Trust Company for the purpose of collecting the costs of suit. Realty Trust Company applied for an injunction to prevent a levy of the execution, on the ground, among other things, that the judgment for costs had been satisfied. Upon a trial before the court, the application for injunction was refused, and the plaintiff, Realty Trust Company, appealed.

■ The question involved in this appeal seems to have been settled by the Commission of Appeals in the case of Gough v. Jones, 212 S. W. 943. In that case Mrs. Jones recovered judgment against Cobb for debt, and against Cobb and Gough, as a subsequent purchaser of the land, for foreclosure of her lien, and against both defendants, jointly and severally, for all costs, and directed that the property be sold and the proceeds applied, first, to the satisfaction of the judgment against Cobb and the costs of suit, and that the balance, if any, be paid to Gough, the owner of the land. In the event the land did not sell for enough to pay said judgment, the balance was to be made out of defendant Cobb as under execution. The property sold for less than the amount necessary to pay the judgment against Cobb. The sheriff credited the proceeds to the payment of the judgment exclusive of costs. Mrs. Jones caused execution to issue against Gough for the costs of suit. The court held that Gough had the right to have the judgment for costs satisfied out of the proceeds of the sale of the property, and that, since the property brought enough to have paid the costs of suit, there was no basis for the issuance of an execution for the costs of suit. We think this case is decisive of the question before the court. City of San Antonio v. Campbell (Tex. Civ. App.) 56 S. W. 130; City of San Antonio v. Berry, 92 Tex. 327, 48 S. W. 496.

Whether a trial court has the right to render a judgment for all costs against the holder of a second lien and to require such lienholder to pay such costs independent of the amount for which the mortgaged property sells is not before the court. It is sufficient to say that this judgment required that the costs be paid out of the proceeds of the sale, which has been done, and the judgment for such costs has been fully satisfied. There is no basis for the execution against the Realty Trust Company in this case.

■■ The appellees contend that, since the application for injunction herein was not applied for until more than one year had expired after the rendition of the judgment in the main case, under Revised Statutes, article 4646, the appellant was not entitled to maintain its suit for such injunction. This article only applies to matters affecting the rendition of the judgment, and does not apply to matters that subsequently arise after the rendition thereof. Therefore it has no application in this case. Kruegel v. Rawlins (Tex. Civ. App.) 121 S. W. 216.

The judgment of the trial court is reversed, and judgment is here rendered in favor of appellant for the injunction as prayed.