**INEX INDUSTRIES, INC. and Bob Wallace Oil, Inc., Appellants,**

v.

**ALPAR RESOURCES, INC., Appellee.**

No. 07–85–0216–CV.

Court of Appeals of Texas, Amarillo.

Aug. 15, 1986.

George Whittenburg, Cary Schachter (Whittenburg, Whittenburg & Schachter), Amarillo, for appellants.

Charles E. Neal, Edward L. Atkinson, Amarillo, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

COUNTISS, Justice.

This is an appeal from an order granting a temporary injunction. Appellants Inex Industries, Inc., ("Inex") and Bob Wallace Oil, Inc. ("Wallace") contend, by their first three points of error, that the trial court abused its discretion in granting the temporary injunction sought by appellee Alpar Resources, Inc., ("Alpar") and, by their final point, that the temporary injunction is procedurally deficient. We affirm.

By a contract dated August 10, 1984, Alpar purchased one-half of Wallace's working interest in several oil and gas leases, with producing oil wells, in Ochiltree County. Under an operating agreement attached as an exhibit and incorporated into the purchase contract, Alpar was named the operator of the oil wells. The operating agreement also outlined a procedure by which Alpar could be removed as operator, "by the affirmative vote of two (2) or more Non-Operators owning a majority interest based on ownership ... remaining after excluding the voting interest of Operator." However, the contract, into which the operating agreement was incorporated, stated:

ALPAR and its successors shall serve as Operator of the wells and oil and gas leasehold estates described in Exhibits "A" and "B" hereto.... It is expressly understood and agreed that this Letter Agreement shall be controlling over the Operating Agreement in the event of conflicting provisions.

Initially, Alpar operated six wells on the leaseholds, but when this controversy arose, it was operating four wells. Immediately before the controversy began in June 1985, Wallace transferred its interest in the leases to Inex and Inex transferred a small part of its interest to several individuals. Inex and the individuals then notified Alpar that it was being removed as operator under the provisions of the operating agreement. The day after Alpar was notified, Inex began reworking one of the wells. Alpar then filed this suit, asking the trial court to halt the reworking activity and reinstate it as operator.

After a hearing, the trial court temporarily enjoined Inex and Wallace from possessing or operating, or interfering with Alpar's possession or operation, of the wells and leases. In the order, the court gave the following explanation for its action:

INEX INDUSTRIES, INC. and/or BOB WALLACE OIL, INC., Defendants, has attempted to take possession, control and management of the above described properties in Ochiltree County, Texas; that if INEX INDUSTRIES, INC. and/or BOB WALLACE OIL, INC., Defendants herein, continues such action and carries out such intention, it will thereby alter the status quo and tend to make ineffectual a judgment in favor of ALPAR RESOURCES, INC., Plaintiff, in that ALPAR RESOURCES, INC. was in the last actual, peaceable, and noncontested possession, control and management, as operator of such properties; and that unless INEX INDUSTRIES, INC. and BOB WALLACE OIL, INC. are deterred from carrying out such intention and actions, ALPAR RESOURCES, INC., Plaintiff, will be without adequate remedy at law.

The ultimate issue in this case is whether Alpar's status as operator is governed by the letter agreement as it contends, or by the operating agreement, as Inex contends. We need not resolve the merits of that controversy at this time, however, because our only concern is whether the temporary injunction is proper. It is not, say Inex and Wallace by their first three points of error, because the trial court abused its discretion in granting the injunction when Alpar failed to prove a probable right of recovery, a probable injury, imminent harm, irreparable injury or the absence of an adequate remedy at law.

The framework within which the first three points must be resolved was succinctly stated in *Transport Co. of Texas v. Robertson Transports*, 152 Tex. 551, 261 S.W.2d 549, 552 (1953):

> In a hearing on an application for a temporary injunction the only question before the court is the right of the applicant to a preservation of the status quo of the subject matter of the suit pending a final trial of the case on its merits. [Citation omitted.] To warrant the issuance of the writ, the applicant need only show a probable right and a probable injury; he is not required to establish that he will finally prevail in the litigation. [Citations omitted.] ... Where the pleadings and the evidence present a case of probable right and probable injury, the trial court is clothed with broad discretion in determining whether to issue the writ and its order will be reversed only on a showing of a clear abuse of discretion. [Citation omitted.] There is no abuse of discretion in the issuance of a writ if the petition alleges a cause of action and the evidence adduced tends to sustain it. [Citation omitted.]

The status quo to be preserved by the injunction has been defined as "the last, actual, peaceable, noncontested status which preceded the pending controversy." *Texas Aeronautics Commission v. Betts*, 469 S.W.2d 394, 398 (Tex.1971). When permanent injunctive relief is the primary relief sought, the applicant must show a probable right to a permanent injunction on final hearing. *Sun Oil Company v. Whitaker*, 424 S.W.2d 216, 218 (Tex.1968).

■ When we apply the foregoing principles to the evidence in this case, we conclude that the trial court did not abuse its discretion. The letter agreement, the operating agreement, and Alpar's interpretation of those documents were in evidence. The trial court could believe, from that evidence, that the letter agreement controlled Alpar's status and that it could not be removed as operator in the manner attempted by Inex. Thus, the trial court was entitled to conclude that Alpar proved a probable right of recovery.

There was evidence that Wallace has at least one suit pending against it and was in financial difficulty. Its chief executive officer told an Alpar executive that "they had been cut off from their income." Alpar paid the salary of a Wallace pumper because Wallace could not, and, to recover a debt owed it by Wallace, Alpar withheld Wallace's share of the income from certain production. There was also evidence that Inex is the successor to and stands in the shoes of Wallace. The trial court could believe, from that evidence, that Wallace and Inex might be unable to respond in damages if they harmed the wells during the workover attempts or otherwise caused monetary damage to Alpar. Thus, the trial court was entitled to conclude that Alpar proved a probable injury.

■ It follows that the trial court did not abuse its discretion in granting the temporary injunction. In addition to contending to the contrary, Inex and Wallace argue various related injunctive principles. They say, for example, that the person seeking relief must prove that the defendant engaged in wrongful conduct, that there is a threat of imminent harm and irreparable injury and that the applicant has no adequate remedy at law. However, each of those principles is a phase or shade of the *Transport Co. of Texas* tests. For example, the probable injury element necessarily encompasses the elements of imminent harm, irreparable injury, and no ade-

quate remedy at law. The evidence that supports the conclusion that Alpar established a probable injury also supports the conclusion that it established the probability of imminent harm, irreparable injury, and no adequate remedy at law. By the same token, the probable right of recovery element necessarily encompasses the element of wrongful conduct. The evidence that supports the conclusion that Alpar established a probable right of recovery also supports the conclusion that it established the probability of wrongful conduct by Inex and Wallace. Points of error one, two, and three are overruled.

By their fourth point, Inex and Wallace say the injunction is fatally defective because it does not satisfy the requirement of Rule 683 of the Texas Rules of Civil Procedure that it "set forth the reasons for its issuance" and "be specific in terms." *Transport Co. of Texas v. Robertson Transports*, 261 S.W.2d at 553, discusses the Rule:

> We interpret the Rule to require in this respect only that the order set forth the reasons why the court deems it proper to issue the writ to prevent injury to the applicant in the interim; that is, the reasons why the court believes the applicant's probable right will be endangered if the writ does not issue. If the party enjoined wishes detailed findings of fact and conclusions of law he may seek them under the provisions of Rules 296 and 385(e).

*Accord: State v. Cook United, Inc.*, 464 S.W.2d 105, 106–07 (Tex.1971).

Here, the trial court stated "the reasons why the court believes the applicant's probable right will be endangered" when it said in the order that Wallace and Inex would, if allowed to continue, alter the status quo, tend to make ineffectual a judgment in favor of Alpar, and leave Alpar without an adequate remedy at law. Those recitations satisfy Rule 683 as interpreted by the Supreme Court. Point of error four is overruled.

The judgment of the trial court is affirmed.