Edward Bernard **RANDLE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–93–00859–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

June 8, 1994.

M. Catherine Clarkson, Houston, for appellant.

John B. Holmes, Jr., Linda A. West, Craig Goodhart, Harris, for appellee.

Before HUTSON–DUNN, COHEN and O'CONNOR, JJ.

## ORDER

HUTSON–DUNN, Justice.

The Court today considered appellant's motion for leave to file an additional point of error concerning ineffective assistance of counsel. We deny the motion.

■ All points of error that an appellant wishes to rely upon and all responses thereto are to be submitted in the original briefs. *Rochelle v. State,* 791 S.W.2d 121, 124 (Tex. Crim.App.1990). Any new matters a party wants to bring before the court may be filed in a supplemental or amended brief but only "as justice requires and upon such reasonable terms as the court may prescribe." *Id.;* Tex.R.App.P. 74(*o*).

■ This motion was filed seven weeks after appellant's brief was filed, three weeks after the State's brief was filed, and a month before submission. The original brief already has a point of error asserting ineffective assistance of counsel. The additional brief alleges additional ways in which trial counsel was ineffective. If it is filed, the State will have to file another brief in order to be heard in answer to appellant's new contentions. No reason is stated why this new complaint was not included in the original brief. We do not see a "compelling matter" that rises to the level which would justify granting leave to file an additional point of error. *Rochelle,* 791 S.W.2d at 124.

O'CONNOR, Justice, dissenting.

I dissent from the majority's order denying leave to file a supplemental brief with an additional point of error. I would grant leave.

Edward Bernard Randle, the appellant, filed his brief on March 24, 1994; the State filed a reply brief on April 22. On May 16, 1994, the appellant filed a motion for leave to file an additional point of error relating to ineffective assistance of counsel. With the motion for leave to file, the appellant filed a supplemental brief with the additional point of error. The new point alleges the appellant's trial attorney was ineffective because he did not issue subpoenas for two witnesses, one of them an alibi witness. The case is scheduled for oral argument on June 13.

Tex.R.App.P. 74(*o*) states:

Briefs may be amended or supplemented at any time when justice requires upon such reasonable terms as the court may prescribe, and if the court shall strike or refuse to consider any part of a brief, the court shall on reasonable terms allow the same to be amended or supplemented.

At this time, one month before oral argument, justice requires us to allow appellant to file an additional point of error. *See Boyle v. State,* 820 S.W.2d 122, 141 (Tex.Crim.App. 1991) (State permitted to raise additional issue on motion for rehearing). Because we have already received the appellant's supplemental brief, this Court could give the State reasonable time to answer before oral argument.

I would grant leave to file an additional point of error.