Monna Rae IRELAND, D.C., Appellant,

v.

James E. FRANKLIN, D.C. and Franklin Chiropractic & Accident Clinics, Inc., Appellee.

No. 04–97–00110–CV.

Court of Appeals of Texas, San Antonio.

June 30, 1997.

Rehearing Overruled July 21, 1997.

---

**75.** *See* Mary White, Deputy District Clerk of the Felony Civil Division, Test., R. at 185.

**76.** *See* Arnesen, Test., R. at 193.

**77.** *See* Wyatt, Test., R. at 186–87.

Carl J. Kolb, McAmish, Socks & Kolb, P.C., San Antonio, for Appellant.

John M. Killian, John M. Killian & Associates, San Antonio, Judith Ramsey Saldana, San Antonio, for Appellees.

Before HARDBERGER, C.J., and STONE and ANGELINI, JJ.

## OPINION

HARDBERGER, Chief Justice.

This is an interlocutory appeal from an order granting a temporary injunction. The underlying dispute involves a breach of contract suit by Appellant, Dr. Monna Ireland, D.C., against her former employer, Franklin Chiropractic & Accident Clinics, Inc. (Franklin). Dr. Ireland contends that the trial court erred in granting injunctive relief. We affirm the order of the trial court.

## FACTS

Dr. Ireland worked for Franklin for six years at the Blanco Road Clinic. During these six years, Dr. Ireland and Franklin had two employment contracts that lasted three years each. Each contract contained a covenant not to compete.

The second contract had a provision which stated that after July 31, 1996, the contract would continue for six month periods unless one of the parties gave a thirty-day notice of termination. The covenant not to compete stated that the covenant would last for eighteen months following termination, that Dr. Ireland would not engage in any sort of chiropractic services within twenty miles of any Franklin clinic, that Dr. Ireland would not contact any patients after termination, and that Dr. Ireland would not hire any Franklin employee. The contract also listed items Franklin considered to be trade secrets, and conditioned the disclosure of these trade secrets on Dr. Ireland's agreement not to disclose them nor use them after her termination.

In August, 1996, Dr. Ireland sued Franklin for breach of contract, and requested declaratory relief on the issue of whether the covenant not to compete was enforceable. In October, 1996, Dr. Ireland opened her own office on N.W. Military Drive, within three miles of the Blanco Road Clinic. She also sent grand opening announcements to the patients she treated while she was a Franklin employee.

Franklin then counterclaimed against Dr. Ireland, claiming she breached her covenant not to compete, and moved for a temporary injunction. The trial court granted the temporary injunction, and it is from this order that Dr. Ireland appeals.

The temporary injunction enjoined Dr. Ireland from using Franklin patient lists and soliciting her past Franklin patients; soliciting referrals from attorneys or doctors with whom Franklin had a referral relationship when Dr. Ireland worked for Franklin; making derogatory comments about Franklin's professional services or about the allegations in the case; and practicing chiropractic medicine within a radius of five miles of the Blanco Road Clinic.

## STANDARD OF REVIEW

Most of Dr. Ireland's arguments are factual sufficiency issues that address the merits of her breach of contract suit, not the temporary injunction. However, we must avoid addressing the merits of the underlying case, and, instead, restrict our review to whether the trial court abused its discretion when it granted the temporary injunction. *Davis v. Huey,* 571 S.W.2d 859, 861–62 (Tex.1978).

During the hearing for the temporary injunction, the applicant is not required to prove that he will prevail at trial, but only that he is entitled to preserve the status quo pending trial on the merits because he has a probable right and a probable injury. *Walling v. Metcalfe,* 863 S.W.2d 56, 57 (Tex.1993); *Metropolitan Life Ins. Co. v. La Mansion Hotels & Resorts, Ltd.,* 762 S.W.2d 646, 648 (Tex.App.—San Antonio 1988, writ dism'd). The trial court does not abuse its discretion when it bases its decision of the existence of this probable right and injury on conflicting evidence. *Davis,* 571 S.W.2d at 862.

On appeal, the reviewing court must "draw all legitimate inferences from the evidence in a manner most favorable to the trial court's judgment." *Metropolitan Life,* 762 S.W.2d at 648. If no findings of fact or conclusions of law are asked for or filed, the trial court judgment must be upheld on any legal theory supported by the record. *Davis,* 571 S.W.2d at 862. Since Dr. Ireland did not request that the trial court prepare any findings of fact, we focus our review on Dr. Ireland's legal point of error: whether the trial court abused its discretion when it held that the covenant not to compete was enforceable.

## COVENANT NOT TO COMPETE

The enforceability of a covenant not to compete is a question of law. *Light v. Centel Cellular Co.,* 883 S.W.2d 642, 644 (Tex.1994). A covenant not to compete is enforceable if it is made ancillary to or part of an otherwise enforceable agreement at the time the agreement is made. TEX. BUS. & COM.CODE ANN. § 15.50 (Vernon Supp.1997).

**158**

This "otherwise enforceable agreement" cannot be an at-will employment contract, because at-will employment contracts are illusory. *Travel Masters, Inc. v. Star Tours, Inc.*, 827 S.W.2d 830, 832–33 (Tex.1991). An at-will employment contract is illusory because neither party is bound to the promise of continued employment. *Light*, 883 S.W.2d at 645. The covenant may be enforceable, though, if the contract contains another promise that is not dependent upon the illusory promise of continued employment. *Id.* at 644–45.

The long-standing Texas rule is that employment relationships are terminable at any time by either party, with or without cause, unless there is an express agreement to the contrary. *Federal Express Corp. v. Dutschmann*, 846 S.W.2d 282, 283 (Tex.1993). An employment contract establishes an at-will employment relationship when the term of service is left to the discretion of either party, or the term is left indefinite or determinable by either party. *East Line & Red River R.R. Co. v. Scott*, 72 Tex. 70, 75, 10 S.W. 99, 102 (1888).

The Franklin–Ireland contract does not say it is "at-will." There are, however, indications that Dr. Ireland's employment can be terminated without cause. For example, the contract states the specific term of Dr. Ireland's employment, but immediately qualifies the term with "unless sooner terminated." The contract also lists seven reasons that will cause Dr. Ireland's immediate termination, but does not limit her termination to only these causes. The contract, read as a whole, is clear that Dr. Ireland could be terminated even if she is doing a good job should Franklin decide to do so. We hold that the Ireland–Franklin contract created an at-will employment relationship.

The whole contract, though, is not necessarily illusory. We only need to find one non-illusory promise that the covenant not to compete is ancillary to in order to hold the trial court did not abuse its discretion. *Light*, 883 S.W.2d at 645. The two requirements for a covenant not to compete to be ancillary to an otherwise enforceable agreement are "(1) the consideration given by the employer in the otherwise enforceable agreement must give rise to the employer's interest in restraining the employee from competing; and (2) the covenant must be designed to enforce the employee's consideration or return promise in the otherwise enforceable agreement." *Id.* at 647.

The trade secret clause of the contract meets this criteria. This clause's consideration is not tied to the illusory term of employment. Instead, Franklin's consideration was its promise to share the listed trade secrets with Dr. Ireland and Dr. Ireland's consideration was her promise not to disclose or use the trade secrets during or after her employment. The covenant is ancillary to the trade secret clause because Franklin's consideration gives rise to its interest in restraining Dr. Ireland from competing, and the covenant not to compete is designed to enforce Dr. Ireland's consideration not to disclose or use the trade secrets.

This is the situation blueprinted by the Texas Supreme Court. *See Light*, 883 S.W.2d at 647 n. 14 (explaining that if employer gave confidential information or trade secrets in exchange for employee's promise not to disclose them, then covenant not to compete would be ancillary to otherwise enforceable agreement). Therefore, we hold that the trial court did not abuse its discretion when it granted the temporary injunction.