STATE of Texas, Appellant,

v.

Louis LEUTWYLER, Individually, Appellee.

No. 03–97–00513–CV.

Court of Appeals of Texas, Austin.

Nov. 5, 1998.

Dan Morales, Attorney General, Sheila Ellwood Skaggs, Assistant Attorney General, Austin, for Appellant.

Ray Langenberg, Scott, Douglass & McConnico, L.L.P., Austin, for Appellee.

Before POWERS, ABOUSSIE and B.A. SMITH, JJ.

BEA ANN SMITH, Justice.

To address certain concerns raised in the unopposed motion for rehearing, we withdraw our earlier opinion and judgment issued October 8, 1998, and substitute this one in its place.

The State of Texas brought an action in district court to enforce a final order rendered by the Railroad Commission that ordered Eurampex Industries, Inc., d/b/a Associated Operating & Exploration (Eurampex), to plug inactive wells, to reimburse the Railroad Commission for plugging costs and to pay an administrative penalty. The State, in its district court action, also sought to recover from Leutwyler individually based only on his status as a corporate officer of Eurampex, a corporation whose corporate charter has been forfeited. *See* Tex. Tax Code Ann. § 171.255(a) (West 1992). After a bench trial, the court rendered judgment against Eurampex, but ruled that the State take nothing against Leutwyler. The State appeals, arguing that the trial court erred because it failed to give preclusive effect to fact findings

in the Railroad Commission order. We will affirm the trial-court judgment.

## The Controversy

The Railroad Commission held a hearing February 16, 1995, concerning violations of the Commission's rules at hydrocarbon leases operated by Associated Operating & Exploration. There were two named defendants at the agency proceeding: (1) Leutwyler d/b/a Associated Operating & Exploration and (2) Eurampex Industries, Inc. d/b/a Associated Operating & Exploration. The Railroad Commission rendered a final order May 23, 1995 that imposed liability on Eurampex d/b/a Associated Operating & Exploration. The order contains a finding that Leutwyler did not conduct business, individually, as Associated Operating & Exploration and dismissed Leutwyler d/b/a Associated Operating & Exploration from the action. Finding of fact number one, concerning notice, states that Leutwyler, president of Eurampex Industries, Inc., appeared on behalf of Eurampex.

Eurampex never complied with the Railroad Commission order. The State sued Eurampex in district court to enforce the plugging order and for reimbursement of plugging expenses, civil penalties, attorney's fees and interest. *See* Tex. Nat. Res.Code Ann. §§ 83.351, .352, .381 (West 1993). The State also sought to hold Leutwyler individually liable for Eurampex's obligations as an officer or director of a corporation which forfeited its charter for failure to pay franchise tax.[1] Leutwyler filed a verified answer, generally denying the allegations and specifically denying that he was a corporate officer of Eurampex at the relevant time. Tex.R. Civ. P. 93(2). At the bench trial in district court, the court allowed Leutwyler to introduce evidence that he resigned as an officer before Eurampex's corporate privileges were forfeited. It also allowed the State to present

---

1. Officers and directors of corporations may be held personally responsible for debts of the corporation incurred after the corporation's charter has been forfeited for failure to file a franchise tax report or pay a franchise tax or penalty. *See* Tex. Tax Code Ann. § 171.255(a) (West 1992); *Jonnet v. State,* 877 S.W.2d 520 (Tex.App.—Austin 1994, writ denied); *Serna v. State,* 877

S.W.2d 516 (Tex.App.—Austin 1994, writ denied). The officer may defend against liability by showing that the debt was incurred over his objection or that he did not know, and could not in the exercise of reasonable care have known, of the debt. Tax Code § 171.255(c). It is undisputed that Eurampex's charter was forfeited before the Railroad Commission hearing was held.

conflicting evidence that Leutwyler, on the record in the Railroad Commission hearing, stated he was president of Eurampex. On appeal, the State argues that the Railroad Commission order of May 23, 1995 determined the issues of Leutwyler's corporate-officer status; therefore, no evidence should have been admitted on that issue. In one issue, the State in essence makes three intertwined arguments: Leutwyler brought an improper collateral attack on an unappealed [2] Railroad Commission order; the Railroad Commission order is res judicata on Leutwyler's liability; and the Railroad Commission order collaterally estops Leutwyler from contesting his corporate-officer status.

## Discussion

### Collateral Attack

◼ The State contends that Leutwyler improperly collaterally attacked an unappealed Railroad Commission order. See Jolly v. State, 856 S.W.2d 859, 860–61 (Tex. App.—Austin 1993, writ denied) (defendant attempted to attack an unappealed Railroad Commission order finding him a well's operator and finding him liable for plugging the well and associated penalties). However, unlike Jolly, Leutwyler did not seek to contradict the substance of the Railroad Commission order because it did not impose any liability on Leutwyler but rather dismissed him from the proceeding. The Railroad Commission order held Eurampex liable. Eurampex's liability was not disputed in district court. The district court proceeding in this case did not involve a collateral attack. We now consider whether the Railroad Commission order should have been given preclusive effect in the district court proceeding.

### Collateral Estoppel

◼ The State contends that the following finding in the Railroad Commission order collaterally estops Leutwyler from attempting to prove that he had resigned as an officer of Eurampex:

1. Eurampex Industries, Inc. d/b/a Associated Operating & Exploration ("Associated") was given at least 10 days' notice of this proceeding by regular mail addressed to the most recent Form P–5 address which was not returned to the Commission and by certified mail addressed to the most recent Form P–5 address, which was returned to the Commission marked "unclaimed." Mr. Louis Leutwyler, President of Eurampex Industries, Inc., ("Eurampex") appeared on behalf of Eurampex. Associated is a subsidiary/division of Eurampex, Inc.

◼ The doctrine of collateral estoppel is designed to promote judicial efficiency, protect parties from multiple lawsuits, and prevent inconsistent judgments by precluding the relitigation of issues. See Sysco Food Servs., Inc. v. Trapnell, 890 S.W.2d 796, 801 (Tex.1994). A party seeking to assert the bar of collateral estoppel must establish that: the facts sought to be litigated in the second action were fully and fairly litigated in the first action; those facts were essential to the judgment in the first action; and the parties were adversaries in the first action. Id. Application of collateral estoppel also involves considerations of fairness not encompassed by the "full and fair opportunity" inquiry. Id. at 804 (citing Blonder-Tongue Lab., Inc. v. University of Illinois Found., 402 U.S. 313, 328, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971) (a goal of collateral estoppel is "limiting relitigation of issues where that can be achieved without compromising fairness in particular cases")). The State has failed to establish the elements of collateral estoppel.[3]

2. The State emphasizes Leutwyler's failure to appeal the Railroad Commission order. However, that order was not adverse to Leutwyler and probably would not have been appealable in this Court. See Champlin Exploration, Inc. v. Railroad Comm'n, 627 S.W.2d 250, 251 (Tex.App.—Austin 1982, writ ref'd n.r.e.) (with certain exceptions not applicable to Champlin's situation, a party must appeal from a judgment, not a finding or conclusion in support of the judgment); see

also C.O.N.T.R.O.L. v. Sentry Envtl., L.P., 916 S.W.2d 677, 679 (Tex.App.—Austin 1996, writ denied) (successful party at agency could not appeal for sole purpose of changing grounds relied on by agency in order).

3. In Champlin, 627 S.W.2d at 253, a prevailing party sought to appeal from a conclusion of the Railroad Commission without attacking the order itself. This Court held that the appellant was

The agency's finding on which the State relies concerns the issue of notice and merely "describes" Leutwyler as president of the corporation. The reference in the finding to Leutwyler's appearance as president of Eurampex was not a fact essential to the Railroad Commission order holding Eurampex responsible for plugging the abandoned wells. The Railroad Commission proceeding only settled a question of corporate structure: it found that Associated Operating & Exploration was a subsidiary of Eurampex, that Associated was an assumed name of Eurampex and not the assumed name of Leutwyler. Leutwyler's status as a corporate officer was not a fact essential to the order and was not fully and fairly litigated before the Railroad Commission. Under these particular circumstances, limiting evidence of Leutwyler's status as an officer would compromise fairness in such an action. There is no inconsistency between the trial-court judgment and the result reached in the Railroad Commission order.

### Res Judicata

The State contends that res judicata applies. Res judicata precludes relitigation of claims arising out of the same subject matter as a prior suit. If a party could have litigated a claim in the prior suit, but did not, that claim will be barred even if not actually raised in the previous suit. *See Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex.1992). The State's argument fails because the claim of liability based on the Tax Code must be brought in district court; it is not a claim that could have been "litigated" in the Railroad Commission proceeding to serve to invoke the bar of res judicata.

### Conclusion

We hold that the trial court properly denied preclusive effect to the Railroad Commission order on the issue of Leutwyler's status as a corporate officer of Eurampex. We overrule the State's point of error and affirm the trial-court judgment.

---

not an "aggrieved party" under APTRA § 19(a), predecessor to the APA § 2001.171, and therefore could not appeal for the sole purpose of striking findings and conclusions with which it did not agree. Because Champlin brought the suit out of fear that the agency's conclusions might bind it in a later suit for damages against a third party, the court added, in dicta, that "an administrative determination should not be regarded as *res judicata* for the purposes of subsequent *judicial proceedings*." The envisioned subsequent proceedings involved private parties, not an enforcement action by the agency. For a contrary holding, *see Muckelroy v. Richardson Indep. Sch. Dist.*, 884 S.W.2d 825, 830 (Tex. App.—Dallas 1994, writ denied).