TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00010-CV






City of Georgetown, Texas, Appellant



v.



Days Inn of Georgetown; and Ramabhai L. Patel and Shantaben R. Patel, 

d/b/a Days Inn of Georgetown, Appellees






FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT


NO. 98-444-C368, HONORABLE BURT CARNES, JUDGE PRESIDING 







 The City of Georgetown appeals the trial court's refusal to temporarily enjoin
appellees, Days Inn of Georgetown and Ramabhai L. Patel and Shantaben R. Patel, d/b/a Days
Inn of Georgetown ("Days Inn"), from displaying an off-premises advertising sign. The City
raises a single issue on appeal, contending that the trial court erred in failing to find that the City's
ordinance required Days Inn to remove the sign. We will affirm the trial court's order.

 Believing that Days Inn was displaying an advertising sign in violation of a City 
ordinance, the City sued Days Inn for civil penalties and for a temporary and permanent injunction
against maintaining the sign. See Tex. Loc. Gov't Code Ann. §§ 54.012(3), .017(b), 211.012
(West 1999). (1) Following a hearing, the trial court rendered an interlocutory order denying the
City's request for a temporary injunction. See Tex. Civ. Prac. & Rem. Code Ann. § 65.011
(West 1997). The court filed findings of fact and conclusions of law in support of its order.

 Because the City does not challenge the court's fact findings, they form the factual
basis of the case. Since 1978, Days Inn has used the sign in dispute to advertise its motel. The
sign is located within the City of Georgetown in an area that is zoned for single family residences,
but the sign is not located on the motel's premises. In 1993, the City enacted an ordinance
regulating signs that prohibited off-premises signs in residentially zoned areas. Because Days
Inn's sign was in place before the ordinance came into effect, however, it qualified as a
nonconforming sign. The sign sustained damage during March 1998 such that two of the five
vertical poles supporting it were severed and part of the sign had begun to lean. Days Inn
undertook to repair the sign and in doing so replaced all five vertical poles with new poles. The
new poles supporting the sign were placed twelve to eighteen inches from the location of the poles
they replaced. Having noticed these new poles, the City issued a "Correction Notice" to Days
Inn, advising that the sign violated the City's sign ordinance. The City contends that the sign lost
its nonconforming status under the provision of the ordinance that permits repairs to
nonconforming signs as long as no "change in location" of the sign occurs.

 At the hearing on the City's request for a temporary injunction, the only question
before the trial court was whether the City demonstrated a probable right to relief and a probable
injury. Transport Co. v. Robertson Transps., Inc., 261 S.W.2d 549, 552 (Tex. 1953). The
merits of the parties' dispute were not presented to the trial court, and our review of this
interlocutory order is similarly confined: we do not examine the merits of the parties' dispute, but
consider only whether the trial court abused its discretion in denying preliminary relief. Davis v.
Huey, 571 S.W.2d 859, 861-62 (Tex. 1978). A probable right does not entail proof that the City
will ultimately prevail in the litigation. Id. The element of probable injury encompasses the
elements of imminent harm, irreparable injury, and the lack of an adequate remedy at law. Inex
Indus., Inc. v. Alpar Resources, Inc., 717 S.W.2d 685, 687-88 (Tex. App.--Amarillo 1986, no
writ). A clear failure by the trial court to analyze or apply the law correctly will constitute an
abuse of discretion. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). As to factual matters,
however, the trial court does not abuse its discretion if it bases its decision on conflicting evidence. 
Davis, 571 S.W.2d at 862.

 Our review of the record shows no evidence that the City will suffer probable injury
if Days Inn is not enjoined from displaying its sign pending trial. The trial court's findings of fact
reflect no finding on this issue. The City's failure of proof on the issue of probable injury alone
supports the trial court's refusal to impose a temporary injunction.

 Even if the City had shown probable injury, however, we do not believe that the
City established a probable right to recover. As mentioned, the City claimed that moving the
sign's supporting poles twelve to eighteen inches from their original position constituted a change
of location, which caused the sign to lose its nonconforming status. The sign is a billboard located
on the frontage road of Interstate Highway 35 North, just south of Highway 29. The City's code
enforcement officer testified that a person driving on the highway would not think that an outdoor
advertising sign that was located twelve inches from its original spot had changed location. Given
the sign's size, location, and intended audience, we cannot say that the City demonstrated that it
would probably prevail on the merits of its claim that the sign had changed location. Certainly,
the evidence does not invoke the rule that if the facts conclusively show a party is violating the
substantive law, the trial court has a nondiscretionary duty to enjoin the violation. See City of
Houston v. Memorial Bend Util. Co., 331 S.W.2d 418, 422 (Tex. Civ. App.--Houston [1st Dist.]
1960, writ ref'd n.r.e.). 

 Because the City proved neither a probable right nor a probable injury, we conclude
that the trial court acted within its discretion in denying the request for a temporary injunction. 
We therefore overrule the City's issue.


 We affirm the trial court's order.



 

 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and Patterson

Affirmed

Filed: August 31, 1999

Do Not Publish
1. Section 211.012(c) of the Texas Local Government Code provides:


If a building or other structure is erected, constructed, reconstructed, altered,
repaired, converted, or maintained or if a building, other structure, or land is used
in violation of this subchapter or an ordinance or regulation adopted under this
subchapter, the appropriate municipal authority, in addition to other remedies, may
institute appropriate action to:


(1) prevent the unlawful erection, construction, reconstruction,
alteration, repair, conversion, maintenance, or use;


(2) restrain, correct, or abate the violation;


(3) prevent the occupancy of the building, structure, or land; or


(4) prevent any illegal act, conduct, business or use on or about he
premises.


Tex. Loc. Gov't Code Ann. § 211.012(c) (West 1999).



orrection Notice" to Days
Inn, advising that the sign violated the City's sign ordinance. The City contends that the sign lost
its nonconforming status under the provision of the ordinance that permits repairs to
nonconforming signs as long as no "change in location" of the sign occurs.

 At the hearing on the City's request for a temporary injunction, the only question
before the trial court was whether the City demonstrated a probable right to relief and a probable
injury. Transport Co. v. Robertson Transps., Inc., 261 S.W.2d 549, 552 (Tex. 1953). The
merits of the parties' dispute were not presented to the trial court, and our review of this
interlocutory order is similarly confined: we do not examine the merits of the parties' dispute, but
consider only whether the trial court abused its discretion in denying preliminary relief. Davis v.
Huey, 571 S.W.2d 859, 861-62 (Tex. 1978). A probable right does not entail proof that the City
will ultimately prevail in the litigation. Id. The element of probable injury encompasses the
elements of imminent harm, irreparable injury, and the lack of an adequate remedy at law. Inex
Indus., Inc. v. Alpar Resources, Inc., 717 S.W.2d 685, 687-88 (Tex. App.--Amarillo 1986, no
writ). A clear failure by the trial court to analyze or appl