**Betty Jo ZUNIGA, Thomas Zuniga, Manuel Zuniga III, and Rick Zuniga, Appellants,**

v.

**WOOSTER LADDER COMPANY, Appellee.**

**No. 04–01–00301–CV.**

Court of Appeals of Texas, San Antonio.

Aug. 29, 2003.

Luther H. Soules, III, Sara Murray, Soules & Wallace, P.C., San Antonio, Douglas A. Allison, Law Office of Douglas A. Allison, J. Mitchell Clark, Law Offices of J. Mitchell Clark, Corpus Christi, for Appellants.

Thomas H. Crofts, Jr., Crofts & Callaway, P.C., Ron A. Sprague, Gendry & Sprague, P.C., Henry B. Gonzalez, Jr., Law Offices of Henry B. Gonzalez, San Antonio, for Appellee.

Sitting En Banc: ALMA L. LÓPEZ, Chief Justice, CATHERINE STONE, Justice, PAUL W. GREEN, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice, PHYLIS J. SPEEDLIN, Justice.

## ON MOTION FOR EN BANC RECONSIDERATION

Opinion by PAUL W. GREEN, Justice.

The motion for en banc reconsideration is granted and the panel opinion and judgment dated December 12, 2001 are withdrawn. The case has been resubmitted to the entire court and the following is substituted.

\* \* \*

This is an accelerated appeal from a temporary injunction entered in favor of the appellee, Wooster Ladder Company. In seven issues, appellants Betty Jo Zuniga, Thomas Zuniga, Manuel Zuniga, III, and Rick Zuniga (the Zuniga children), contend the trial court abused its discretion in granting the injunction because: (1) the trial court lacked jurisdiction, (2) the injunction is barred by the statute of limitations, (3) Wooster lacks standing, (4) Wooster failed to show a probable injury and lack of adequate remedy at law, and (5) the order is impermissibly vague. We affirm the order of the trial court.

## Background

In 1987, Manuel Zuniga, Jr. and his family (the Zunigas) sued Wooster Ladder Company (Wooster), which was known at the time as Bauer Corporation.[1] Prior to trial, two events occurred that seriously impeded Wooster's defense. Wooster's insurance company became insolvent and Wooster accused its trial counsel of legal malpractice. In the context of these events, Wooster and the Zunigas entered into a settlement agreement. As part of the settlement agreement, instead of making a monetary payment, Wooster assigned its cause of action for legal malpractice to the Zunigas. *See Zuniga v. Groce, Locke & Hebdon*, 878 S.W.2d 313, 314 (Tex.App.-San Antonio 1994, writ ref'd).

In addition to the malpractice assignment, Wooster gave the Zunigas a $25 million consent judgment. In return, rather than give Wooster a covenant not to execute on the judgment, Manuel and Mary Zuniga agreed to the following: (1) Wooster could transfer all its assets (except the legal malpractice cause of action)

---

1. This is the third lawsuit and the second appeal arising out of a 1987 accident in which Manuel Zuniga, Jr. was injured in a fall from a ladder. In the original personal injury suit, the Zunigas alleged that Wooster defectively manufactured and labeled the ladder.

to a new corporation, (2) the Zunigas waived all rights to the new corporation's assets, (3) the Zunigas released all claims against Wooster and all individuals connected with Wooster, and (4) Wooster's transfer of assets to the new corporation was not fraudulent. The settlement agreement was finalized in a document titled Assignment of All Claims. However, shortly after the consent judgment and Assignment of All Claims were signed, Wooster discovered the Zuniga children, Betty Jo, Thomas, Manuel III, and Rick, had not been included in the judgment. Therefore, the parties returned to the trial court and the Modified Judgment was signed specifically including the Zuniga children and designating them "as parties who are bound by the terms of the settlement agreement previously entered into."

Between the date of the original judgment and the Modified Judgment, Wooster went forward with its transfer of assets. As agreed in the Assignment of All Claims, Wooster created a new company and transferred all of its assets, with the exception of the legal malpractice claim, to that entity.[2] After the transfer, Wooster, which no longer held any assets except for the legal malpractice claim, took its present name, Wooster Ladder Company. The newly-formed corporation, which now held all of Wooster's former assets, took the abandoned name Bauer Corporation (hereafter referred to as New Bauer).

In 1993, the Zuniga family sued Wooster's former trial lawyers pursuant to the assignment of the legal malpractice claim. The trial court dismissed the claim, and this court affirmed, holding that the assignment of a legal malpractice claim arising from litigation is invalid. See *Zuniga*, 878 S.W.2d at 314. In 2000, ten years

after the consent judgment and settlement, the Zuniga children filed the present lawsuit against "Bauer Manufacturing Company ('Bauer Corporation')" and their mother, Mary Zuniga, seeking a declaratory judgment that the Zuniga children are not bound by the Assignment of All Claims. Wooster filed an answer as the original defendant, previously named "Bauer Manufacturing Company ('Bauer Corporation')." Wooster also filed a counterclaim contending that, *inter alia*, the Zuniga children are bound by the settlement agreement or are estopped to execute under the Modified Judgment.

In spite of Wooster's answer, the Zuniga children threatened to execute on the Modified Judgment against New Bauer, a company that did not exist at the time of the original personal injury suit. To protect New Bauer, Wooster also sought a declaratory judgment that it is the only judgment debtor under the Modified Judgment. Wooster then filed a motion for temporary injunction to prevent the Zuniga children from executing on the judgment against any entity other than Wooster. The trial court granted the injunction and this appeal ensued.

### Standard of Review

At a temporary injunction hearing, the applicant is not required to prove that he will prevail at trial, but only that he is entitled to preserve the status quo pending trial on the merits because he has a probable right and a probable injury which will occur in the interim. *Walling v. Metcalfe*, 863 S.W.2d 56, 57 (Tex.1993); *Ireland v. Franklin*, 950 S.W.2d 155, 157 (Tex.App.-San Antonio 1997, no writ). A showing of probable injury requires proof of imminent harm, irreparable injury, and

---

**2.** Wooster in fact created three new companies and transferred assets to each of the new companies, depending on what aspect of Wooster's former business the new company would perform. This transfer was fully within the terms of the settlement agreement.

an inadequate remedy at law. *Fasken v. Darby*, 901 S.W.2d 591, 592 (Tex.App.-El Paso 1995, no writ). Although a temporary injunction is generally not warranted for breach of contract, irreparable injury may be shown "if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). Further, the available legal remedy must be as "plain and adequate, or in other words, as practical and efficient to the ends of justice and its prompt administration as the remedy in equity." *Brazos River Conservation & Reclamation Dist. v. Allen*, 141 Tex. 208, 216, 171 S.W.2d 842, 846 (Tex.1943); *see also Universal Health Serv., Inc. v. Thompson*, 24 S.W.3d 570, 577 (Tex.App.-Austin 2000, no pet.).

█ We review the grant or denial of a temporary injunction for clear abuse of discretion without addressing the merits of the underlying case. *Ireland*, 950 S.W.2d at 157. In our review, we must "draw all reasonable inferences from the evidence in a manner most favorable to the trial court's judgment." *Id.* The trial court does not abuse its discretion when it bases its decision regarding the existence of a probable right and irreparable injury on conflicting evidence in the record. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex.1978).

### Analysis

### I. Jurisdiction

█ In this case, the 224th District Court enjoined execution on a judgment from the 73rd District Court. Under most circumstances, a suit to enjoin enforcement of a judgment must be brought in the court which rendered the judgment. *See* Tex. Civ. Prac. & Rem.Code Ann. § 65.023 (Vernon 1997). However, this jurisdictional limitation only applies to a suit "attacking the judgment, questioning its validity, or presenting defenses properly connected with the suit in which it was rendered, and which should have been adjudicated therein." *Kruegel v. Rawlins*, 121 S.W. 216, 217 (Tex.Civ.App.-Dallas 1909), *writ ref'd*, 103 Tex. 86, 124 S.W. 419, 419–20 (1910); *Realty Trust Co. v. Gabert*, 40 S.W.2d 869, 869 (Tex.Civ.App.-Waco 1931, no writ).

█ Wooster's petition for temporary injunction does not attack the judgment, question the judgment's validity, or present defenses to the judgment that should have been adjudicated in the original suit. Instead, Wooster is attempting to prevent the misuse of the judgment—its execution against a stranger to the judgment. The jurisdictional limitation of section 65.023 does not require a claim seeking to prevent the misuse of a judgment to be brought in the court that rendered judgment. *See Kruegel*, 121 S.W. at 217 (injunction to prevent a stranger from enforcing the judgment is not required to be filed in the original court rendering judgment). We hold the 224th District Court had jurisdiction to issue the temporary injunction.

### II. Statute of Limitations

█ The Zuniga children contend the temporary injunction is barred by limitations. Generally, a suit to enjoin execution of a judgment must be brought within one year of the judgment. *See* Tex. Civ. Prac. & Rem.Code Ann. § 65.014 (Vernon 1997). This limitation does not apply when petition for the injunction is delayed due to fraud committed by the judgment plaintiff at the time of or after rendition of the judgment, or when an equitable matter or defense arises after the rendition of the judgment. *See* § 65.014(a)(1, 2). Thus, the statute of limitations only applies to matters affecting the rendition of the judgment. *See Kruegel*, 121 S.W. at 217.

There are two underlying issues in this case. The first is whether the Zuniga children are bound by the Assignment of All Claims and the corresponding Modified Judgment. The second is the identity of the judgment debtor named in the Modified Judgment. If the validity of the judgment is being questioned, it is by the Zuniga children who initiated this suit. Wooster seeks to enforce the settlement and judgment as it contends was contemplated by the parties to the original lawsuit. Accordingly, we hold the statute of limitations does not apply to Wooster's petition for an injunction designed to prevent improper use of the judgment.

### III. Wooster's Entitlement to Injunctive Relief

To be entitled to injunctive relief, Wooster must show a probable right to recover, and a probable injury, including imminent harm, irreparable injury and an inadequate remedy at law. *Walling,* 863 S.W.2d at 57. Wooster contends that as the judgment debtor and a party to the settlement memorialized in the Assignment of All Claims, it has a right to enforce the terms of the settlement agreement. Wooster also claims that the Zuniga children's proposed breach of the settlement agreement will result in injury, not only to New Bauer, but also to Wooster, that cannot be remedied by the payment of damages alone.

#### A. Probable Right

The Zuniga children claim Wooster cannot show a probable right of recovery because it lacks standing to sue. We disagree.

##### 1. The Settlement and Assignment of All Claims

Wooster is a party to the settlement in the underlying personal injury suit as set forth in the settlement letter signed by the Zunigas' attorney and the corresponding Assignment of All Claims. The settlement was specifically designed to benefit a third party, which came to be named Bauer Corporation. As the party who contracted for New Bauer's benefit, Wooster has a right to enforce the settlement agreement. *See Copeland v. Alsobrook,* 3 S.W.3d 598, 608 (Tex.App.-San Antonio 1999, pet. denied) (party to a contract has standing to enforce the contract on behalf of a third-party beneficiary); *see also Van Polen v. Wisch,* 23 S.W.3d 510, 516 (Tex.App.-Houston [1st Dist.] 2000, pet. denied) (party to a contract may sue for breach of the contract on behalf of a third-party beneficiary).

##### 2. The Modified Judgment

As part of their argument that Wooster lacks standing, the Zuniga children claim that Wooster is not a party to the Modified Judgment. As noted, the Modified Judgment was entered after Wooster had changed its name from Bauer Corporation to Wooster Ladder Company. The Zuniga children argue that the only Bauer Corporation in existence at the time the Modified Judgment was entered was New Bauer; therefore, New Bauer must be the entity that is named in the Modified Judgment.

Texas law does not support the Zuniga children's assertion that a name change, without more, automatically replaces one party to a lawsuit with another. A corporate name change has no effect on the identity of the company or its rights and liabilities. *Nelson v. Detroit & Security Trust Co.,* 56 S.W.2d 860, 862 (Tex. Comm'm App.1933, judgm't adopted); *accord Northern Natural Gas Co. v. Vanderburg,* 785 S.W.2d 415, 421 (Tex.App.-Amarillo 1990, no writ); *see also* TEX. BUS. CORP. ACT art. 4.06 (Vernon 1980) (corporate name change shall not affect any pending suit to which the corporation is a party). Further, a defendant company's use of an

incorrect name to identify itself does not place a non-party company with the same name within the jurisdiction of the court. *See Mapco, Inc. v. Carter,* 817 S.W.2d 686, 687 (Tex.1991).

■ At the injunction hearing, Wooster presented evidence that directly contradicts the Zuniga children's argument. Norman Miller, former president of Wooster Ladder Company and president of New Bauer since its creation, testified that New Bauer was never a party to the underlying personal injury suit. Further, he testified New Bauer did not file the Motion for New Trial and/or to Vacate, Modify or Correct Judgment which resulted in the Modified Judgment, nor did New Bauer consent to have the $25 million consent judgment entered against it. Miller testified Wooster continued to refer to itself as "Bauer Corporation a/k/a Bauer Manufacturing Company" in the trial court pleadings even after its name change to Wooster Ladder Company. This evidence is sufficient for the trial court to find that Wooster is the judgment debtor named in the Modified Judgment.

### B. Probable Injury

■ The Zuniga children also claim Wooster cannot show imminent danger of an irreparable injury that cannot be adequately remedied absent an injunction. The Zuniga children's attempt to execute on the consent judgment against New Bauer is evidence of imminent harm. However, the Zuniga children claim that the harm in question, if any, is to New Bauer, not to Wooster; therefore, Wooster has no right to an injunction.

The evidence is clear that Wooster, as a party to the original lawsuit, contracted with the Zuniga family to become the judgment debtor in order to buy peace for New Bauer, not for itself. To allow the Zuniga children to disregard the settlement agree-ment abrogates Wooster's benefit of the bargain. The peace that Wooster thought it bought for New Bauer would be nonexistent. This loss of Wooster's consideration for the settlement agreement cannot be wholly remedied through damages. *See Walling,* 863 S.W.2d at 58 (ultimate claim for money damages does not bar temporary injunction if damages are not completely adequate); *Universal Health Serv., Inc.,* 24 S.W.3d at 578 (money damages are deficient if the nature of the injury makes damages difficult to calculate).

Further, an adequate remedy by appeal must be as efficient and practical as an injunction. *See Universal Health Serv.,* 24 S.W.3d at 577. In this case, the temporary injunction merely maintains the status quo until the merits of the case can be heard. Without the injunction, not only will Wooster be forced to respond to the Zuniga children's claims, but New Bauer will likely be required to appear and defend itself against the execution. If Wooster ultimately prevails in the trial court, without a temporary injunction, Wooster will have lost the consideration for its settlement agreement and New Bauer will have been subjected to execution on a judgment to which it is not a party. We hold the trial court could have found such damages are not compensable by money damages alone.

### C. Waiver

■ In a related issue, the Zuniga children claim Wooster waived its right to contest the execution against New Bauer because Wooster did not timely appeal or otherwise act to correct the name of the judgment debtor in the Modified Judgment. Wooster was not required to "correct" the judgment. There is ample evidence the parties intended to enter a settlement agreement and a consent judgment binding on all the members of the Zuniga family named in the

lawsuit and the defendant originally named in the lawsuit. That original defendant was variously referred to at the time as Bauer Manufacturing Company or Bauer Corporation. The evidence suggests the original defendant is now Wooster Ladder Company and that New Bauer was never a party to the lawsuit, the settlement agreement, or the Modified Judgment.

It is not an impermissible attack on the judgment for Wooster to seek a declaration that the defendant named in the Modified Judgment is, in fact, the company now known as Wooster Ladder. Such a finding has no bearing on the validity of the judgment. *See Schwartz v. Jefferson,* 520 S.W.2d 881, 888 (Tex.1975); *State v. Leutwyler,* 979 S.W.2d 81, 83 (Tex.App.-Austin 1998, no pet.). Wooster seeks only to have the trial court uphold the judgment as it was conceived and entered into by the parties to the lawsuit. *See Schwartz,* 520 S.W.2d at 888. That right has not been waived. *See Mapco, Inc.,* 817 S.W.2d at 687 (judgment against a non-party is a non-waivable, jurisdictional defect).[3]

We hold that Wooster has established a "probable right on final trial to the relief sought, and a probable injury in the interim," which entitles it to a temporary injunction pending trial on the merits. *See Walling,* 863 S.W.2d at 57.

## IV. Vagueness

 In their last issue, the Zuniga children complain the temporary injunction order is void for vagueness. Rule of Civil Procedure 683 states, "Every order granting an injunction ... shall set forth

the reasons for its issuance; shall be specific in terms; [and] shall describe in reasonable detail ... the act or acts sought to be restrained." Tex.R. Civ. P. 683. The rule requires that "the order set forth the reasons why the court deems it proper to issue the writ to prevent injury to the applicant in the interim; that is, the reasons the court believes the applicant's probable right will be endangered if the writ does not issue." *Inex Indus., Inc. v. Alpar Resources, Inc.,* 717 S.W.2d 685, 688 (Tex.App.-Amarillo 1986, no writ) (quoting *Transport Co. of Texas v. Robertson Transp.,* 152 Tex. 551, 261 S.W.2d 549, (Tex.1953)). "If the party enjoined wishes detailed findings of fact and conclusions of law, he may seek them under the provisions of [the rules of civil procedure]." *Id.*

 In this case, the order reads in part:

The Court ... finds that it clearly appears from the evidence that [Wooster] will probably prevail on the trial on the merits of this cause, that [the Zuniga children] intend to attempt the collection of the Modified Judgment ... against an entity other than [Wooster], specifically a company currently named Bauer Corporation, as soon as possible and before the Court can render judgment in this cause; that if [the Zuniga children] carry out that intention, they will thereby alter the status quo and tend to make ineffectual a judgment in favor of [Wooster], and that unless [the Zuniga children] are deterred immediately from taking any such action to collect on the Modified Judgment ... [Wooster] will suffer irreparable injury, for which

---

3. Our holding is not in conflict with our opinion in *Martin v. Dosohs I, Ltd.,* cited by the Zuniga children. 2 S.W.3d 350, 352 (Tex. App.-San Antonio 1999, pet. denied). In *Martin,* we held a declaratory judgment could not be brought where a justiciable controversy

did not already exist between the parties. *Id.* at 352. Here, a justiciable controversy exists as Wooster claims the Zuniga children's actions are in breach of the settlement agreement and the Modified Judgment.

[Wooster] has no adequate remedy at law, in that it will be forced to defend and indemnify such other entities.

The trial court order is clear that execution at this stage of the proceedings would eviscerate a judgment in favor of Wooster and Wooster would be damaged by having to defend and indemnify New Bauer. We hold the order satisfies the requirements of Rule 683. *See Amalgamated Acme Affiliates, Inc. v. Minton,* 33 S.W.3d 387, 397 (Tex.App.-Austin 2000, no pet.) (order stating that actions, if allowed to continue, would alter the status quo, tend to make ineffectual a judgment in favor of the party seeking injunction, and leave the party without an adequate remedy at law held sufficient for Rule 683); *Inex Indus.,* 717 S.W.2d at 688 (same).

## CONCLUSION

In conclusion, we hold Wooster met its burden to show it will probably prevail on the merits of the case and that a temporary injunction is necessary to preserve the status quo and to prevent irreparable injury in the interim. We also hold the trial court had jurisdiction to enter the temporary injunction, the injunction is not barred by limitations, and the language of the order meets the requirements of Rule 683. We affirm the judgment of the trial court. Costs of appeal are taxed against the appellants, Betty Jo Zuniga, Thomas Zuniga, Manuel Zuniga III, and Rick Zuniga.

Concurring opinion by ALMA L. LÓPEZ, Chief Justice.

I concur with the majority's opinion but write separately to address the standing issue. The majority relies on case law holding that a corporate name change has no effect on a company's rights and liabilities; however, this is not a case involving a mere change in name. This case involves substantial corporate restructuring arising from a settlement agreement entered into to prevent a corporation from potentially being forced into bankruptcy. Although Wooster Ladder changed its name from Bauer Corporation in the midst of this restructuring, I do not believe we can limit our analysis to the effect of the name change without taking into consideration the entire corporate restructuring.

In the original panel opinion, I concluded that Wooster Ladder did not have standing to seek injunctive relief because its rights were not personally invaded. Clearly, no issue regarding standing would have arisen if the newly created Bauer Corporation had sought injunctive relief, and it would appear to have been a simple matter for both entities to have jointly sought the injunctive relief. However, focusing on the language contained in the Modified Judgment and the settlement transaction as a whole, I now believe that Wooster Ladder has a personal stake in the outcome of the controversy sufficient to establish standing.

The Modified Judgment states, "It is stipulated that this Modified Judgment does not in any way change, alter, or modify the terms and conditions of the settlement agreement by and between the above-described parties.... Said settlement agreement has been previously executed by all parties and/or their representatives." It is undisputed that Wooster Ladder was a party to the settlement agreement, and the modified judgment expressly states that the settlement agreement was not changed, altered, or modified by the modified judgment. Accordingly, as a party to the settlement agreement that resulted in the modified judgment, I would hold that Wooster Ladder has a personal stake in the outcome of the controversy sufficient to establish standing.