**Timothy CURTIS, Appellant,**

v.

**ZIFF ENERGY GROUP, LTD. and Ziff Energy Management Corporation, Appellee.**

No. 14–98–01257–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 9, 1999.

Rehearing Overruled Feb. 3, 2000.

Howard R. King, Houston, for appellants.

Stewart A. Feldman, Randall L. Brim, Houston, for appellees.

Panel consists of Justices DRAUGHN, LEE, and HUTSON–DUNN.*

# OPINION

JOE L. DRAUGHN, Justice (Assigned).

Timothy Curtis appeals from two partial summary judgments entered in favor of Ziff Energy Group, Ltd. ('Ziff') in his employment termination lawsuit. In four points of error, he contends that the trial court erred by misinterpreting the contract, by awarding attorney fees to Ziff, and by granting additional relief not asked for by either party. The judgment of the trial court is affirmed in part and reversed and remanded in part.

On September 4, 1997, Timothy Curtis accepted a position as a Vice–President with Ziff. Ziff is the United States affiliate of a Canadian based oil and gas consulting firm. The terms of the employment contract appear in a Letter Agreement and a Confidentiality and Non–Disclosure Agreement. Both sides agree that these two documents comprise the contract. In pertinent part, the Confidentiality and Non–Disclosure Agreement states:

> The term of the VICEPRESIDENT'S employment hereunder shall be one (1) year unless: (i) terminated under the provisions of paragraph 7 below; (ii) terminated by notice; or (iii) extended.

Paragraph 7, in pertinent part, provides:

> The employment provisions of this Agreement contained in paragraph 2 (but specifically not the provisions of this Agreement contained in paragraphs

---

* Senior Justices Joe L. Draughn, Norman Lee, and D. Camille Hutson–Dunn sitting by assignment.

3,4,5, and 6), shall terminate on the earliest to occur of any one of the following events:

(b) thirty (30) days after either party acting alone provides notice of termination, which notice may be given at any time and for any reason;

On February 13, 1998, Curtis was told that his employment had been terminated. He received a letter from Paul Ziff, the company president, on March 10, 1998, confirming his termination. In an affidavit, Curtis claimed that he was never given a reason for good cause as to why his employment was terminated.

Both parties filed motions for partial summary judgment. On September 30, 1998, the trial judge entered orders granting Ziff's motion and denying Curtis' motion. Curtis appeals from each judgment.

When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference in favor of the nonmovant. *See American Tobacco Co., Inc. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997). When a plaintiff and defendant both move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review the summary judgment evidence presented by both sides, determine all questions presented, and render such judgment as the trial court should have rendered. *See Commissioners Court of Titus County v. Agan,* 940 S.W.2d 77, 81 (Tex.1997).

■ In his first and second points of error, Curtis argues that the trial court erred by finding that the employment contract could be terminated by Ziff without cause. We disagree and hold that by virtue of paragraph 7(b) which provides termination 'for any reason,' the contract created, in essence, an at-will relationship, allowing either party to terminate the contract without cause.

■ The long-standing Texas rule is that employment relationships are terminable at any time by either party, with or without cause, unless there is an express agreement to the contrary. *Federal Express Corp. v. Dutschmann,* 846 S.W.2d 282, 283 (Tex.1993); *Lee-Wright, Inc. v. Hall,* 840 S.W.2d 572, 577 (Tex.App.-Houston [1 st Dist.] 1992, no writ). Absent special circumstances, a contract of employment for a term, as opposed to "at will" can only be terminated upon a showing of good cause for the discharge. *Hall,* 840 S.W.2d at 578. A contract for term would provide for payment of a specified salary per week, month, or year. Curtis claims that despite the "any reason" termination clause of paragraph 7(b), his contract specified a one year term, thus requiring a showing of good cause for discharge.

Curtis relies on several cases for the proposition that his employment contract is a contract for term. *AccuBanc Mortgage Corp. v. Drummonds,* 938 S.W.2d 135, 142 (Tex.App.-Fort Worth 1996, writ denied); *Evan's World Travel, Inc. v. Adams,* 978 S.W.2d 225 (Tex.App.-Texarkana 1998, no pet. h); *Winograd v. Willis,* 789 S.W.2d 307, 310 (Tex.App.-Houston [14 th Dist.] 1990, writ denied); *Hall,* 840 S.W.2d at 577–578. However, these cases are factually distinguishable from our case. None of the cases Curtis relies on concern employment contracts with a provision that permits both parties to terminate employment without cause.[1]

■ "When a term of service is left to the discretion of either party, or the term is left indefinite, *or terminable by either party,* either may end the employment at

---

1. In *Evan's World Travel, Inc.,* 978 S.W.2d at 229–230, the employment contract included a provision that allowed the employer to terminate the term of employment for "any reason." The contract also included a probationary clause which allowed the employer to terminate the employee without cause for the first ninety (90) days. In an attempt to reconcile and harmonize the conflicting provisions, the court found that the "any reason" language meant for any "for cause" reason. *Id.* at 230. The employment contract in our case does not include a probationary clause or other conflicting provisions.

will without cause." *East Line & Red River R.R. Co. v. Scott,* 72 Tex. 70, 75, 10 S.W. 99, 102 (1888); *Hussong v. Schwan's Sales Enter., Inc.,* 896 S.W.2d 320, 324 (Tex.App.-Houston [1st Dist.] 1995, no writ); *Ireland v. Franklin,* 950 S.W.2d 155, 158 (Tex.App.-San Antonio 1997, no pet.) Although the contract before us states a specific term for employment, it immediately qualifies the term "unless terminated under paragraph seven." The contract listed several reasons that would cause termination, but did not limit Curtis' termination to only those causes. The contract allows either party to terminate employment for any reason by giving notice. We hold that the voluntary termination provision in the contract, as a matter of law, allows either party to terminate employment without showing good cause. Appellant's first and second points of error are overruled.

In his fourth point of error, Curtis argues that the non-compete provision in the contract is unenforceable as a matter of law.

■ The Covenants Not to Compete Act provides two criteria for the enforceability of a covenant not to compete. The covenant must (1) be ancillary to or part of an otherwise enforceable agreement at the time the agreement was made and (2) contain limitations as to time, geographical area, and scope of activity to be restrained that are reasonable and do not impose a greater restraint than is necessary to protect the goodwill or other business interest of the promisee. TEX. BUS. & COM.CODE ANN. § 15.50 (Vernon Supp.1997); *Light v. Centel Cellular Co.,* 883 S.W.2d 642, 644 (Tex.1994). The enforceability of the covenant not to compete is a question of law. *Light,* 883 S.W.2d at 644.

■ We must first determine whether there was an enforceable agreement. Generally, an at-will contract cannot be an enforceable agreement. The parties always retains the option of discontinuing employment for any reason. Consider-

ation, under these circumstances, cannot be dependent on a period of continued employment. *Travel Masters Inc. v. Star Tours, Inc.,* 827 S.W.2d 830, 832–33 (Tex. 1991). Nevertheless, an at-will employment relationship may give rise to an otherwise enforceable agreement as long as independent consideration is given in exchange for a promise and the consideration is not illusory. *Light,* 883 S.W.2d at 645.

We only need to find one non-illusory promise to establish consideration for the agreement. The Restricted Use of Trade Secrets and Confidential Information clause in the agreement is sufficient. In the contract, Ziff promised to provide confidential information and trade secrets with Curtis. In return, Curtis promised not to disclose or use the trade secrets until after his employment with Ziff. Therefore, we find an enforceable agreement existed between Ziff and Curtis.

■ Next, we must determine whether the covenant was ancillary to or part of the otherwise enforceable agreement. We find that it is a part of the contract. Ziff's consideration gives rise to its interest in restraining Curtis from competing, and the covenant not to compete is designed to enforce Curtis' consideration not to disclose or use the confidential information or trade secrets after employment. *See Light,* 883 S.W.2d at 647 n. 14; *See Ireland,* 950 S.W.2d at 158. The covenant is ancillary to or part of an otherwise enforceable agreement at the time the agreement was made.

Having satisfied the first part of TEX. BUS. & COM.CODE ANN. § 15.50 (Vernon Supp.1997), we now look to see whether the covenant contains limitations as to time, geographical area, and scope of activity to be restrained that are reasonable and do not impose a greater restraint than is necessary. Curtis does not contend that the time of covenant was unreasonable or imposed greater restraint then was necessary. The time period of the covenant ran for six months after Curtis' employment was terminated. We find no other evi-

dence in the record to suggest the time period was unreasonable or imposed a greater restraint on trade then was necessary.

■ As to the geographic and scope limitations, Curtis claims that he was restricted from working for any oil and gas company in North America. Curtis' was the Vice President of Pipelines and Energy Marketing, hired to "head and build up the U.S. practice in the areas of consulting regarding pipeline/transportation issues, and energy marketing." The covenant did not allow Curtis to engage in competitive business in Canada or the United States. Ziff submitted evidence to show that it limited its competitors to twenty companies.[2] These companies were primarily oil and gas consulting firms. Not all oil and gas companies were included.

■ Generally, a reasonable area for purposes of a covenant not to compete is considered to be the territory in which the employee worked while in the employment of his employer. *Zep. Mfg. Co. v. Harthcock,* 824 S.W.2d 654 (Tex.App.-Dallas 1992). Based on Curtis' job description and responsibilities, it was reasonable to restrict Curtis from working in other oil and gas consulting firms in North America for a six month period, and it did not impose an unnecessary restraint. *See Weed Eater, Inc. v. Dowling,* 562 S.W.2d 898, 902 (Tex.Civ.App.—Houston[1st Dist] 1978, writ n.r.e.). We find that the covenant not to compete is enforceable. Curtis' fourth point of error is overruled.

In his third point of error, Curtis contends that the trial court erred by (1) awarding attorney fees to Ziff under the Uniform Declaratory Judgments Act

('Act') and (2) by including a Mother Hubbard Clause in both orders for partial summary judgment, which effectively disposed of issues not raised by either party.

■ An award of attorney's fees under the Act rests within the discretion of the trial court. *See Bocquet v. Herring,* 972 S.W.2d 19, 20 (Tex.1998) (*citing Commissioners Court v. Agan,* 940 S.W.2d 77, 81 (Tex.1997). That discretion will not be disturbed unless there is a showing that the trial court clearly abused that discretion. *Oake v. Collin County,* 692 S.W.2d 454 (Tex.1985) Ziff properly invoked the statute and submitted an affidavit of counsel for proof on the requisite requirements of the Act. TEX. CIV. PRAC. & REM.CODE ANN. § 37.009 (Vernon 1994). Curtis did not controvert the affidavit and failed to show how the trial court abused its discretion. We affirm the trial court's award of attorney fee's to Ziff.

We must now decide whether the trial court's partial summary judgment orders granted more relief than either party requested. Curtis' motion for partial summary judgment addressed the construction of the contract as a term contract, the non-competition agreement and attorney fees. Ziff's motion for partial summary judgment addressed only the construction of the contract and attorney fees. The trial judge granted Ziff's motion and denied Curtis' motion. Both orders included Mother Hubbard clauses making them final, appealable judgments. *Mafrige v. Ross,* 866 S.W.2d 590, 592 (Tex.1993).

■ The pleadings, however, include other claims made by Curtis that were not included in either motion.[3] Because these

---

**2.** These companies include: Arlon R. Tussing Associates, Arthur Andersen, Benjamin Schlesinger, GSA Inc., Bonner & Moore Consultants, CERA, Decision Focus, Inc., DRI/McGraw Hill, Ernest & Young, Foster Associates, KPMG, Pace Consultants, PIRA, Price Waterhouse Coopers, Purvin & Gertz, R.T. Rudden/Associates, Recon Research Corp., Reed Consulting Group, Sterling Consulting,

Washington International Energy Corp., and WEFA Group.

**3.** These claims include: refusing to identify competitors for the purpose of the non-competition covenant, requiring plaintiff to screen all employment contacts, invading plaintiff's privacy by going through his personal effects and refusing to return personal effects, wrongfully terminating his health insurance

claims were improvidently included in the trial court's orders, we must remand those claims back to the trial court for further consideration. In accordance with the Supreme Court's ruling in *Bandera Elec. Co-op., Inc. v. Gilchrist*, 946 S.W.2d 336, 338 (Tex.1997), we affirm the trial court's orders on each partial summary judgment as to the those issues presented in the motions, reverse the judgments as to those issues and claims that remain in the pleadings and remand to the trial court for further consideration. Appellant's third point of error is overruled in part and sustained in part.

Accordingly, we affirm in part, reverse and remand in part.

coverage, wrongfully withholding and refusing to reimburse the plaintiff for reasonable and authorized business expenses, wrongfully withholding vacation pay, profit sharing contributions and other financial benefits, wrongfully attempting to back date the notice of termination, mental anguish and emotional distress damages.