Affirmed and Opinion filed September 5, 2002









Affirmed and Opinion filed September 5, 2002.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-01-01069-CV

____________

 

DAVID FLAKE, Appellant

 

V.

 

EGL EAGLE GLOBAL LOGISTICS, L.P.
f/k/a

EAGLE USA AIRFREIGHT,
INC., Appellee

 



 

On Appeal from the 127th District Court

Harris County, Texas

Trial Court Cause No. 2001-51486

 



 

O P I N I O N

Pursuant to section 51.014(a)(1) of the Texas Civil Practice
and Remedies Code, appellant, David Flake (“Flake”), appeals the grant of a
temporary injunction, in favor of appellee, Eagle Global Logistics (“Eagle”).  We affirm.

I.  FACTUAL AND
PROCEDURAL BACKGROUND








Flake began working as a salesman for Eagle, a freight
forwarding company, in February 1997.  On
or about May 17, 1999, Flake signed an at-will employment agreement with the
company.  The agreement contains a
covenant not to compete which prohibits Flake from:  (1) working for a competing business in the
same geographic area as Eagle for a period of one year after employment
termination; and (2) calling on or soliciting business from customers with whom
he had dealt during the last two years of employment at Eagle.  The agreement also prohibits Flake from using
or disclosing confidential information or  trade secrets to which he had access while
working for Eagle, unless the disclosure was for the exclusive benefit of the
company.  In exchange for his agreement
to these restrictions and promises, Eagle would provide Flake with access to
trade secrets and confidential information for use in his sales position.  

Flake gave Eagle notice of his intent to leave the company,
and terminated his employment on October 1, 2001.  Flake immediately thereafter became part
owner of Expedited Logistics and Freight Services, Limited (“ELFS”), a freight
shipping company.  Flake called upon and
solicited business from the same accounts he had serviced while employed by
Eagle. 

On October 8, 2001, Eagle filed an original petition for
damages and immediate injunctive relief alleging Flake was violating the
non-disclosure and non-competition provisions of the employment contract, and
seeking court intervention.  In its
petition, Eagle alleged that Flake was breaching the agreement by: (1)
soliciting his former customers in direct violation of the covenant not to
compete; and (2) utilizing confidential pricing structures, customer lists and
trade secrets.  On October 23, 2001, the
trial court entered a temporary injunction granting Eagle’s request for
injunctive relief and enjoining Flake from: (1) using or disclosing
confidential information or trade secrets in the course of his employment; (2)
engaging in the freight forwarding business and related activities in a
particular geographical area; and (3) contacting or soliciting from, or
providing freight forwarding services to, particular Eagle customers and
accounts.  








II.  POINTS OF ERROR ON
APPEAL

On appeal, Flake argues the temporary injunction should be
dissolved because:  (1) Eagle did not
show a probable right to recover on the merits of its claim; (2) Eagle did not
show probable injury; and (3) the trial court lacked authority to grant relief
Eagle had not requested in its prayer for relief.

III.  STANDARD OF
REVIEW

The review of the grant or denial of a temporary injunction
is under an abuse of discretion standard. 
T-N-T Motorsports, Inc. v. Hennessey Motorsports, Inc., 965
S.W.2d 18, 21 (Tex. AppCHouston [1st Dist.] 1998, no pet.).  “Abuse of discretion does not exist if the
trial court heard conflicting evidence, and evidence appears in the record that
reasonably supports the trial court’s decision.”  CRC-Evans Pipeline, Int’l, Inc. v. Myers, 927
S.W.2d 259, 262 (Tex. App.CHouston [1st Dist.] 1996, no writ) (citations omitted).  The court will not substitute its judgment
for that of the trial court, but will only determine whether the court=s action was so arbitrary as to
exceed the bounds of reasonable discretion. 
T-N-T Motorsports, 965 S.W.2d at 21.  In doing so, the court will draw all
legitimate inferences from the evidence in the light most favorable to the
trial court’s order.  Id.  Because an appeal of an order granting a
temporary injunction is an appeal from an interlocutory order, the merits of
the applicant’s case are not presented for appellate review.  Id.

IV.  PROBABLE RIGHT TO
RECOVER 








To be entitled to a temporary injunction, an applicant must:
(1) plead a cause of action; (2) show a probable right to recover upon that
cause of action (by presenting evidence that tends to sustain that cause of
action); and (3) show a probable injury in the interim.  Mfr.’s Hanover Trust Co. v. Kingston
Investors Corp., 819 S.W.2d 607, 610 (Tex. App.C Houston [1st Dist.] 1991, no
writ).  The applicant also must show that
no adequate legal remedy exists.  Id.  Flake complains that Eagle did not
demonstrate a probable right of recovery on the cause of action it pleaded,
breach of the covenant not to compete. 
In order to demonstrate a probable right of recovery, Eagle had to
produce evidence that tended to sustain the elements of breach of a covenant
not to compete: (1) there is a valid enforceable contract containing a covenant
not to compete between Eagle and Flake; and (2) Flake breached the covenant and
will likely continue to breach the covenant. 
See id. 

A.        Valid and
Enforceable

First, we must determine whether the covenant not to compete
is valid and enforceable.  In order to be
enforceable, the covenant must be shown to be ancillary to or part of an
otherwise enforceable agreement at the time the agreement is made.  Tex.
Bus. & Com. Code Ann. ' 15.50 (Vernon Supp. 2002).  For a covenant not to compete to be ancillary
to an otherwise enforceable agreement, (1) the consideration given by the
employer in the otherwise enforceable agreement must give rise to the employer=s interest in restraining the
employee from competing, and (2) the covenant must be designed to enforce the
employee=s consideration or return promise in
the otherwise enforceable agreement.  An
at-will employment contract cannot be an otherwise enforceable agreement
because neither party is bound to the promise of continued employment.  Travel Masters, Inc. v. Star Tours, Inc.,
827 S.W.2d 830, 832B33 (Tex. 1991).  Thus,
there is no consideration exchanged between the parties.  However, a covenant not to compete in an
at-will employment contract may be enforceable if the contract contains another
promise, as long as independent consideration is given in exchange for that
promise and the consideration is not illusory. 
Curtis v. Ziff Energy Group, Ltd., 12 S.W.3d 114, 118 (Tex. App CHouston [14th Dist.] 1999, no pet.); see
Light v. Centel Cellular Co. of Texas, 883 S.W.2d 642, 644–45 (Tex. 1994)
(holding that otherwise enforceable agreements can emanate from an at-will
employment contract).  

1.         At-Will
Relationship








Flake argues the covenant not to compete was not ancillary to
an otherwise enforceable agreement because it was within an at-will employment
contract.  However, as previously stated,
a covenant not to compete included  in an
at-will employment contract may still be enforceable if the contract contains
another promise that is not dependent upon the illusory promise of continued
employment.  For example, Flake’s
employment agreement with Eagle included a promise that Eagle would provide
Flake with confidential trade information and trade secrets, and, in return,
Flake would not use or disclose Eagle’s confidential information or trade
secrets.  The restricted use of trade
secrets and confidential information clause in an employment agreement is
sufficient consideration to support the covenant not to compete.  Curtis, 12 S.W.3d at 118 (holding that
the employer’s consideration was to share the confidential information and
trade secrets with the employee and, in return, the employee would not disclose
or use the confidential information or trade secrets).  Eagle’s interest in restricting Flake from
competing is designed to enforce Flake’s consideration not to disclose or use
confidential information or trade secrets after employment.  See id.  Therefore, the trial court could have
reasonably found that the covenant not to compete is enforceable because the
covenant is ancillary to an otherwise enforceable agreement.

2.         Past
Consideration

Flake asserts that he worked for Eagle for several years
prior to signing this agreement, and no new trade secrets or greater
information was passed onto him as a result 
of his signing the agreement. 
Therefore, he argues, any consideration he received from Eagle was past
consideration and it does not support the covenant not to compete.  








Flake cites CRC in support of his argument.  927 S.W.2d 259.  In CRC, the trial court concluded that
Myers, who was a sixteen-year veteran at operating CRC=s internal welding equipment, did not
need or receive any new trade secrets or confidential information subsequent to
his signing an at-will employment agreement. 
Id. at 264.  Myers had
worked for CRC for six years before he was employed by CRC’s customers to work
on the same type of equipment as he had worked on at CRC, and Meyers was
subsequently re-employed by CRC and asked to sign an employment contract at
that time.  Id.  The trial court was presented with
conflicting testimony regarding whether Myers received new trade secrets or
confidential information.  Id.  The appellate court held that when
conflicting evidence is presented to the trial court and evidence in the record
reasonably supports the trial court’s decision, there is generally no abuse of
discretion by the trial court in the grant or denial of an injunction.  Id. at 264.  Therefore, it upheld the denial of the
injunction. Id. at 266.

Like the trial court in CRC, in this case, the trial
court was presented with conflicting testimony regarding whether Flake received
new trade secrets or confidential information subsequent to signing the
agreement containing the covenant not to compete.  Accordingly, we hold the trial court could
have reasonably concluded that Flake received new consideration.

B.        Breach

Flake argues the trial court erred in granting the temporary
injunction because there is no evidence he breached the agreement by using
confidential information in violation of the agreement.  

A former employee may use the general knowledge, skill, and
experience acquired during employment to his benefit; however, he may not use
confidential information or trade secrets acquired during the employment
relationship.  Anderson Chemical Co.,
Inc. v. Green, 66 S.W.3d 434, 442 (Tex. App.CAmarillo 2001, no pet.).  Confidential information and trade secrets
include compilations of information that have a substantial element of secrecy
and provide the employer with an opportunity for advantage over
competitors.  Id.  Examples include pricing information,
customer lists, client information, customer preferences, buyer contacts, and
market strategies.  Id.  Business information can be confidential,
even if it can be obtained by observation, experimentation, inspection,
analysis or general inquiry.  Id.  The information is protected if the
competitor gains it through a breach of confidence without the efforts of
observation, experimentation, inspection, analysis or general inquiry.  Id. 









In Anderson Chemical, the court found that the
employee did not take any of the employer=s materials with him when he left,
and the same information used by the employee was generally known by other
competitors.  Id.  Therefore, the court held that the
information was not confidential, and the employee did not breach the
non-disclosure agreement.  

In this case, however, Flake admitted that the information he
received from Eagle was confidential and that Eagle routinely provided him with
it.  Specifically, Flake identified this
confidential information to contain customer lists and pricing information.  In addition, Flake testified that he called
on Eagle accounts the week he left Eagle, and he would continue to do so unless
the court ordered him not to.  Therefore,
the trial court could have reasonably concluded that the information given to
Flake was confidential and, by using this confidential information and
contacting former Eagle customers, Flake breached the non-disclosure agreement.


The trial court did not abuse its discretion in finding that
Eagle demonstrated a probable right to recover on the merits of its claim.  We overrule Flake’s first point of error. 

V.  PROBABLE INJURY

Flake argues that Eagle did not show a probable injury in the
interim if a temporary injunction was not granted.  In order to be entitled to a temporary
injunction, in addition to showing a probable right to recover, an applicant
must show a probable injury in the interim. T-N-T Motorsports, Inc., 965
S.W.2d at 23.  An applicant must also
show that no adequate legal remedy exists. 
Id.  A legal remedy is
inadequate if damages are difficult to calculate or their award may come too
late.  Id. at 24.  








An employee who possesses confidential information is in a
position to use that information and compete directly with the employer.  Id. at 24.  Although any damages Eagle stands to suffer
or has suffered are compensable through money damages, “[i]njunctive
relief is proper to prevent a party, that has appropriated another’s trade
secrets, from gaining unfair market advantage.” 
Id.  Therefore, the only
effective relief available to an employer is to restrain the employee’s use of
trade secrets and confidential information pending trial.  Id.

Flake acknowledged that he possessed confidential information
and trade secrets.  Furthermore, Flake
testified that he had already used these trade secrets and confidential
information before trial and would continue to do so after trial without a
court order.  Therefore, the trial court
could have reasonably concluded injunctive relief was necessary to prevent
Flake from continuing to disclose Eagle’s confidential information and trade
secrets, and gaining an unfair market advantage.  We overrule Flake’s second point of error.

VI.  SCOPE OF
INJUNCTION

Flake complains that the trial court granted relief for which
Eagle did not pray.  Flake argues, the
trial court did not have the authority to grant relief not prayed for, and
therefore, the injunction must be dissolved or modified.  

We agree that persons seeking an injunction must be specific
when pleading the relief sought, and courts are without authority to grant
relief beyond that so specified.  See
Shields v. State, 27 S.W.3d 267, 271 (Tex. App.CAustin 2000, no pet.).  In this case, however, the trial court granted
only the relief specifically requested in Eagle’s pleading.  The additional findings of which Flake
complains, (1) that the terms of the employment agreement are enforceable, (2)
there has been no waiver of the right to enforce the agreement, (3) no legal
duress existed in the execution of the agreement, and (4) it is unlikely that
Flake can satisfy any judgment levied against him in this case, are merely
findings of fact and conclusions of law set out by the trial court in
compliance with Rule 683 of Texas Rules of Civil Procedure. 

Rule 683 states in pertinent part:

Every order granting an injunction and every
restraining order shall set forth the reasons for its issuance; shall be
specific in terms; shall describe in reasonable detail and not by reference to
the complaint or other document, the act or acts sought to be restrained . . .
.

Tex. R. Civ. P. 683. 
Therefore, we overrule Flake’s third point of error.









VII.  CONCLUSION

We overrule appellant’s points of error, and affirm the trial
court’s order.

 

 

/s/        John S. Anderson

Justice

 

 

 

Judgment rendered
and Opinion filed September 5, 2002.

Panel consists of
Chief Justice Brister and Justices Anderson and Frost.

Do Not Publish C Tex.
R. App. P. 47.3(b).