James R. Winn, M.D. v. Federation of State Medical Boards of The United States, Incorporated

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-017-CV

JAMES R. WINN, M.D. APPELLANT

V.

FEDERATION OF STATE 

MEDICAL BOARDS OF 

THE UNITED STATES, 

INCORPORATED APPELLEE

------------

FROM THE 352
ND
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant James R. Winn, M.D. filed this breach of contract action against his former employer, Appellee Federation of State Medical Boards of the United States, Incorporated, seeking damages for premature termination of the contract.  Appellant appeals from the summary judgment the trial court granted Appellee. Because we conclude that the amendment to the employment contract did not supersede the at-will clause, we hold that the trial court did not err by granting Appellee’s motion for summary judgment.  We affirm the trial court’s judgment.

In 1989, Appellant and Appellee entered into a written employment agreement whereby Appellant became Appellee’s executive vice president.  Section 1.1 of the agreement states, 

The “Term of Employment” under this Agreement shall commence on October 15, 1989, and shall extend, unless earlier terminated pursuant to section 4.1. hereof, to October 14, 1991.  After October 14, 1991, the Term of Employment shall automatically be extended from year to year unless terminated pursuant to section 4.1 or unless either party shall have given written notice to the other at least ninety (90) days prior to the date for automatic extension of the agreement that the said party did not intend that the contract be extended.

Section 4.1 of the agreement lists seven possible terminating events.  One, section 4.1(g), the at-will clause, allows termination “[u]pon the expiration of 180 days after the sending of written notice to either party by the other of intent to terminate this agreement without cause.”

In 1996, the parties amended section 1.1 of the agreement.  This amendment provides,

On October 14, 1995, and annually thereafter, the Term of Employment shall automatically be extended for five (5) year terms unless terminated pursuant to Section 4.1 or unless either party shall have given written notice to the other at least ninety (90) days prior to the date for automatic extension of the agreement that the said party did not intend that the contract be extended.

In 2001, Appellee informed Appellant that its board of directors had decided to seek new leadership and gave Appellant the option to voluntarily resign.  Appellant chose not to voluntarily resign.  Ten days later, Appellee sent written notice to Appellant informing him that his employment had been terminated pursuant to the at-will clause.  Appellant received full pay and benefits for the 180-day period following the termination notice.

In 2003, Appellant filed suit for breach of the agreement, alleging that Appellee failed to pay him for the remaining years of his last five-year term.  Appellee counterclaimed for a declaratory judgment, requesting that the court declare that section 4.1(g) of the agreement and the 1996 amendment authorized Appellee to terminate Appellant without cause by giving 180 days’ written notice.  Appellee filed a motion for summary judgment on the ground that it terminated Appellant according to the requirements of 4.1(g) of the agreement.  Appellee responded, arguing that section 4.1(g) of the agreement is inconsistent with the purpose of the 1996 amendment and therefore must be stricken from the agreement.  The trial court granted Appellee’s motion for summary judgment.

In his sole issue on appeal, Appellant argues that the trial court erred by granting Appellee’s motion for summary judgment.  He contends that the parties’ 1996 amendment superseded the at-will employment provision of the contract because section 4.1(g) is inconsistent with the purpose of the 1996 amendment.  We disagree.

Under Texas law, if there is no ambiguity in a written contract, its construction becomes a question of law for the court to determine.
(footnote: 2)  In construing a written contract, the primary concern of the court is to ascertain the true intentions of the parties as expressed in the instrument.
(footnote: 3)  To achieve this objective, we must examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless.
(footnote: 4)  No single provision taken alone will be given controlling effect; rather, all the provisions must be considered with reference to the whole instrument.
(footnote: 5)
 Additionally, in Texas, employment is presumed to be at-will, that is, it is terminable by either party for good cause, bad cause, or no cause at all.
(footnote: 6)  To overcome this presumption, the employer must unequivocally indicate a definite intent to be bound not to terminate the employee except under clearly specified circumstances.
(footnote: 7)  A contract of employment for a term may still be at-will if the agreement allows for termination for any reason.
(footnote: 8)
 In the case before us, the parties do not allege that the contract is ambiguous.  Therefore, the construction of the contract is a question of law for the court to determine.
(footnote: 9)
 The contract in this case states a specific term for employment; however, it immediately qualifies the term with “unless terminated pursuant to Section 4.1.”  Section 4.1 of the contract lists several possible terminating events, including section 4.1(g), the at-will clause, which allows either party to terminate employment without cause following 180 days’ notice.  The amendment did not change the applicability of the at-will clause.  In fact, the 1996 amendment specifically references section 4.1, which includes the at-will clause.  We therefore hold that the intent of the parties, as expressed in the contract and the amendment, was to maintain an employment at-will relationship.  Furthermore, because an employment contract for term may still be employment at will,
(footnote: 10) we hold that section 4.1(g) is not inconsistent with the purpose of the 1996 amendment.

Consequently, after reviewing the record under the proper standard,
(footnote: 11) and considering the contract as a whole, giving effect to all the provisions,
(footnote: 12) we hold that as a matter of law the 1996 amendment did not supersede section 4.1(g).  The trial court did not err in granting summary judgment.  We overrule Appellant’s sole issue and affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL A: CAYCE, C.J., and DAUPHINOT, J.

DELIVERED:  April 7, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Breitenfeld v. SAS Inst.
,
 Inc
., 147 S.W.3d 672, 676 (Tex. App.—Dallas 2004, no pet.).

3:
J.M. Davidson
,
 Inc. v. Webster
, 128 S.W.3d 223, 229 (Tex. 2003).

4:
Id
.

5:
Id
.

6:
Montgomery County Hosp. Dist. v. Brown
, 965 S.W.2d 501, 502 (Tex. 1998); 
C.S.C.S., Inc. v. Carter
, 129 S.W.3d 584, 591 (Tex. App.—Dallas 2003, no pet.).

7:
Brown
, 965 S.W.2d at 502;
 Carter
, 129 S.W.3d at 591.

8:
Carter
, 129 S.W.3d at 591; 
Curtis v. Ziff Energy Group
,
 Ltd.
, 12 S.W.3d 114, 118 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

9:
See Breitenfeld
, 147 S.W.3d at 676.

10:
Carter
, 129 S.W.3d at 591; 
Curtis
, 12 S.W.3d at 118.

11:
See
 Tex. R. Civ. P.
 166a(c); 
S.W. Elec. Power Co. v. Grant
,
 
73 S.W.3d 211, 215 (Tex. 2002);
 Dow Chem. Co. v. Bright
, 89 S.W.3d 602, 605 (Tex. 2002); 
Rhone-Poulenc
,
 Inc. v. Steel
, 997 S.W.2d 217, 223 (Tex. 1999).

12:
J.M. Davidson
, 128 S.W.3d at 229.