COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-017-CV
 
  
JAMES 
R. WINN, M.D.                                                           APPELLANT
  
V.
 
FEDERATION 
OF STATE
MEDICAL 
BOARDS OF
THE 
UNITED STATES,
INCORPORATED                                                                       APPELLEE
 
 
------------
 
FROM 
THE 352ND DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
James R. Winn, M.D. filed this breach of contract action against his former 
employer, Appellee Federation of State Medical Boards of the United States, 
Incorporated, seeking damages for premature termination of the contract. 
Appellant appeals from the summary judgment the trial court granted Appellee. 
Because we conclude that the amendment to the employment contract did not 
supersede the at-will clause, we hold that the trial court did not err by 
granting Appellee’s motion for summary judgment. We affirm the trial court’s 
judgment.
        In 
1989, Appellant and Appellee entered into a written employment agreement whereby 
Appellant became Appellee’s executive vice president. Section 1.1 of the 
agreement states,
   
The “Term of Employment” under this Agreement shall commence on October 15, 
1989, and shall extend, unless earlier terminated pursuant to section 4.1. 
hereof, to October 14, 1991.  After October 14, 1991, the Term of 
Employment shall automatically be extended from year to year unless terminated 
pursuant to section 4.1 or unless either party shall have given written notice 
to the other at least ninety (90) days prior to the date for automatic extension 
of the agreement that the said party did not intend that the contract be 
extended.
  
Section 
4.1 of the agreement lists seven possible terminating events. One, section 
4.1(g), the at-will clause, allows termination “[u]pon the expiration of 180 
days after the sending of written notice to either party by the other of intent 
to terminate this agreement without cause.”
        In 
1996, the parties amended section 1.1 of the agreement. This amendment provides,
   
On October 14, 1995, and annually thereafter, the Term of Employment shall 
automatically be extended for five (5) year terms unless terminated pursuant to 
Section 4.1 or unless either party shall have given written notice to the other 
at least ninety (90) days prior to the date for automatic extension of the 
agreement that the said party did not intend that the contract be extended.
  
        In 
2001, Appellee informed Appellant that its board of directors had decided to 
seek new leadership and gave Appellant the option to voluntarily resign.  
Appellant chose not to voluntarily resign.  Ten days later, Appellee sent 
written notice to Appellant informing him that his employment had been 
terminated pursuant to the at-will clause.  Appellant received full pay and 
benefits for the 180-day period following the termination notice.
        In 
2003, Appellant filed suit for breach of the agreement, alleging that Appellee 
failed to pay him for the remaining years of his last five-year term.  
Appellee counterclaimed for a declaratory judgment, requesting that the court 
declare that section 4.1(g) of the agreement and the 1996 amendment authorized 
Appellee to terminate Appellant without cause by giving 180 days’ written 
notice. Appellee filed a motion for summary judgment on the ground that it 
terminated Appellant according to the requirements of 4.1(g) of the agreement. 
Appellee responded, arguing that section 4.1(g) of the agreement is inconsistent 
with the purpose of the 1996 amendment and therefore must be stricken from the 
agreement.  The trial court granted Appellee’s motion for summary 
judgment.
        In 
his sole issue on appeal, Appellant argues that the trial court erred by 
granting Appellee’s motion for summary judgment.  He contends that the 
parties’ 1996 amendment superseded the at-will employment provision of the 
contract because section 4.1(g) is inconsistent with the purpose of the 1996 
amendment.  We disagree.
        Under 
Texas law, if there is no ambiguity in a written contract, its construction 
becomes a question of law for the court to determine.[2]  
In construing a written contract, the primary concern of the court is to 
ascertain the true intentions of the parties as expressed in the instrument.[3]  To achieve this objective, we must examine and 
consider the entire writing in an effort to harmonize and give effect to all the 
provisions of the contract so that none will be rendered meaningless.[4]  No single provision taken alone will be given 
controlling effect; rather, all the provisions must be considered with reference 
to the whole instrument.[5]
        Additionally, 
in Texas, employment is presumed to be at-will, that is, it is terminable by 
either party for good cause, bad cause, or no cause at all.[6]  
To overcome this presumption, the employer must unequivocally indicate a 
definite intent to be bound not to terminate the employee except under clearly 
specified circumstances.[7]  A contract of 
employment for a term may still be at-will if the agreement allows for 
termination for any reason.[8]
        In 
the case before us, the parties do not allege that the contract is ambiguous. 
Therefore, the construction of the contract is a question of law for the court 
to determine.[9]
        The 
contract in this case states a specific term for employment; however, it 
immediately qualifies the term with “unless terminated pursuant to Section 
4.1.” Section 4.1 of the contract lists several possible terminating events, 
including section 4.1(g), the at-will clause, which allows either party to 
terminate employment without cause following 180 days’ notice. The amendment 
did not change the applicability of the at-will clause. In fact, the 1996 
amendment specifically references section 4.1, which includes the at-will 
clause. We therefore hold that the intent of the parties, as expressed in the 
contract and the amendment, was to maintain an employment at-will relationship. 
Furthermore, because an employment contract for term may still be employment at 
will,[10] we hold that section 4.1(g) is not 
inconsistent with the purpose of the 1996 amendment.
        Consequently, 
after reviewing the record under the proper standard,[11] 
and considering the contract as a whole, giving effect to all the provisions,[12] we hold that as a matter of law the 1996 amendment did 
not supersede section 4.1(g). The trial court did not err in granting summary 
judgment. We overrule Appellant’s sole issue and affirm the trial court’s 
judgment.
   
   
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
   
  
PANEL 
A:   CAYCE, C.J., and DAUPHINOT, J.
 
DELIVERED: 
April 7, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Breitenfeld v. SAS Inst., Inc., 147 S.W.3d 672, 676 (Tex. 
App.—Dallas 2004, no pet.).
3.  
J.M. Davidson, Inc. v. Webster, 128 S.W.3d 223, 229 (Tex. 2003).
4.  
Id.
5.  
Id.
6.  
Montgomery County Hosp. Dist. v. Brown, 965 S.W.2d 501, 502 (Tex. 1998); C.S.C.S., 
Inc. v. Carter, 129 S.W.3d 584, 591 (Tex. App.—Dallas 2003, no pet.).
7.  
Brown, 965 S.W.2d at 502; Carter, 129 S.W.3d at 591.
8.  
Carter, 129 S.W.3d at 591; Curtis v. Ziff Energy Group, Ltd., 
12 S.W.3d 114, 118 (Tex. App.—Houston [14th Dist.] 1999, no pet.).
9.  
See Breitenfeld, 147 S.W.3d at 676.
10.  
Carter, 129 S.W.3d at 591; Curtis, 12 S.W.3d at 118.
11.  
See Tex. R. Civ. P. 
166a(c); S.W. Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002); Dow 
Chem. Co. v. Bright, 89 S.W.3d 602, 605 (Tex. 2002); Rhone-Poulenc, Inc. 
v. Steel, 997 S.W.2d 217, 223 (Tex. 1999).
12.  
J.M. Davidson, 128 S.W.3d at 229.