**MARSH USA INC. and Marsh & McLennan Companies, Inc., Appellants**

v.

**Rex COOK, Appellee.**

**No. 05–08–00685–CV.**

Court of Appeals of Texas, Dallas.

May 26, 2009.

Beverly A. Whitley, Thomas L. Case, Bell Nunnally & Martin L.L.P., Dallas, for Appellant.

Stephanie Michelle Dooley, Monica Wiseman Latin, Carrington, Coleman, Sloman, & Blumenthal, L.L.P., Jesse K. Shumway, Dallas, TX, for Appellee.

Before Justices WRIGHT, MOSELEY, and FRANCIS.

## OPINION

Opinion by Justice WRIGHT.

Marsh USA Inc. and Marsh & McLennan Companies, Inc. (collectively "MMC") appeal from the trial court's order granting Rex Cook's motion for partial summary judgment on the breach of contract claim.[1] MMC asserts two issues contending generally that the trial court erred in concluding that the non-solicitation agreement was unenforceable as a matter of law. We overrule MMC's issues and affirm the trial court's order.

### Background

MMC provides insurance brokerage and consulting services. Cook began working for MMC in 1983. Prior to leaving MMC in 2007, Cook worked as a managing director for MMC. Cook was a valuable employee for MMC. As a valued employee, MMC included Cook in its 1992 Employee Incentive and Stock Award Plan. Pursuant to that plan, MMC granted Cook stock options on March 21, 1996. Before exercising those stock options, however, Cook had to sign a non-solicitation agreement. That agreement included a covenant not to compete for a period of two years following Cook's termination of his employment with MMC.[2] Cook signed the non-solicita-

---

1. Following the trial court's order, MMC nonsuited its remaining claims.

2. The non-solicitation agreement provided, in pertinent part, that Cook could not:
   (a) solicit or accept business of the type offered by the Company during my term of employment with the Company, or perform or supervise the performance of any services related to such type of business, from or for (i) clients or prospects or the Company or its affiliates who were solicited or serviced directly by me or where I supervised, directly, indirectly, in whole or in part, the solicitation or servicing activities related to such clients or prospects; or (ii) any former client of the Company or its affiliates who was such within two (2) years prior to my termination of employment and who was solicited or serviced directly by

tion agreement on February 3, 2005 and exercised the stock options. MMC transferred the stock to Cook.

On November 15, 2007, Cook terminated his employment and soon began employment with a competitor of MMC's. MMC sued Cook and his new employer. MMC alleged that Cook breached the non-solicitation agreement by soliciting and servicing clients and prospective clients of MMC. Cook moved for partial summary judgment on the ground that the non-solicitation agreement was unenforceable. The trial court granted the motion. MMC nonsuited all its other claims and this appeal timely followed.

## Standard of Review

■ The standards for reviewing a summary judgment are well established. The party moving for summary judgment has the burden of showing no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). In deciding whether a disputed material fact issue exists precluding summary judgment, evidence favorable to the non-movant will be taken as true. *Nixon*, 690 S.W.2d at 548–49. Further, every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Id.* A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.*, 644 S.W.2d 443, 446 (Tex.1982).

## Non–Solicitation Agreement

MMC contends that the non-solicitation agreement is enforceable. Specifically, MMC contends the consideration provided by it, the transfer of stock in return for Cook's covenant not to compete, is sufficient to render the covenant enforceable under Texas law.

■ A covenant not to compete is enforceable if it is ancillary to or part of an otherwise enforceable agreement at the time the agreement is made and it contains reasonable limitations that do not impose a greater restraint than necessary to protect the goodwill or other business interest of the promisee. Tex. Bus. & Com. Code Ann. § 15.50(a) (Vernon 2002). To be ancillary to or part of an otherwise enforceable agreement, a covenant not to compete must meet the following two conditions:

(1) the consideration given by the employer in the otherwise enforceable agreement must give rise to the employer's interest in restraining the employee from competing; and

(2) the covenant must be designed to enforce the employee's consideration or return promise in the otherwise enforceable agreement.

*Light v. Centel Cellular Co. of Tex.*, 883 S.W.2d 642, 647 (Tex.1994); *Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson*, 209 S.W.3d 644, 648–49 (Tex.2006).

In his motion for summary judgment, Cook asserted that the non-solicitation agreement was not ancillary to or part of an otherwise enforceable agreement because the consideration given by MMC did

me or where I supervised directly or indirectly, in whole or in part, the solicitation or servicing activities related to such former clients; or

(b) solicit any employee of the Company who reported to me directly or indirectly to terminate his employment with the Company for the purpose of competing with the Company.

not give rise to MMC's interest in restraining Cook from competing.

■ The most common types of consideration given in return for a covenant not to compete are a company's trade secrets or other confidential information. *See Light*, 883 S.W.2d at 647 n. 14; *Sheshunoff*, 209 S.W.3d at 649; *Curtis v. Ziff Energy Group, Ltd.*, 12 S.W.3d 114, 118 (Tex.App.-Houston [14th Dist.] 1999, no pet.). A company's goodwill is dependent, in part, in keeping such information confidential. Financial benefits, on the other hand, do not give rise to an interest worthy of protection. *Sheshunoff*, 209 S.W.3d at 650; *Trilogy Software, Inc. v. Callidus Software, Inc.*, 143 S.W.3d 452, 463 (Tex. App.-Austin 2004, pet. denied).

MMC contends that offering a stock option to a valuable employee gives rise to its interest in protecting its goodwill. As support, MMC relies upon an unpublished court of appeals case. *See Totino v. Alexander & Assoc., Inc.*, No. 01–97–01204–CV, 1998 WL 552818 (Tex.App.-Houston [1st Dist.] Aug. 20, 1998, no pet.). *Totino* is factually similar to this case in that it involves stock option awards conditioned on the employees' execution of a covenant not to compete. *Id.* at *7. *Totino* holds that the employees' covenants not to compete were ancillary to the award of stock options. *Id.* The sole authority for the court's holding, however, was an Indiana case that we find distinguishable from this case. *See Field v. Alexander & Alexander of Ind., Inc.*, 503 N.E.2d 627 (Ct.App. 2nd Dist.1987). In *Field*, the employee accepted his company's stock option agreement that contained a covenant not to compete. The employer terminated the employee and a dispute arose over the validity of the covenant not to compete. The trial court awarded judgment in favor of the employer. On appeal, the employee argued that the covenant was not ancillary to the stock option agreement. *Id.* at 631. The court set forth the test in Indiana to determine whether a covenant not to compete is ancillary to an agreement · as follows: "whether the covenant and contract have a significant nexus to the 'employment situation' so as to render the covenant ancillary to the 'employment situation' and necessary to protect legitimate rights of the employer *although these rights do not arise from the contract to which the covenant is attached.*" *Id.* at 632. (emphasis supplied). The court held the covenant not to compete was enforceable because the stock option agreement had a significant relationship to the employee's employment situation. *Id.*

The Indiana test set forth in *Field* is significantly less burdensome than the test in Texas. Texas requires that the consideration provided by the employer *give rise* to the company's interest in restraining competition. *See Light*, 883 S.W.2d at 647. By contrast, in Indiana, the legitimate rights of the employer need not arise from the contract to which the covenant is attached. This is a critical distinction that the *Totino* court did not address. We decline to follow *Totino* because of its reliance on the inapplicable holding in *Field*.

All companies have an interest in retaining good employees. Stock options are frequently utilized in an effort to retain valuable employees. MMC contends it is protecting its goodwill (the relationship between MMC, Cook, and the customer) by preventing Cook from using that goodwill to attract the customer to a competitor. We do not deny that MMC was trying to protect its goodwill by *offering* the stock options to certain valued employees, including Cook. However, the fact that a company's business goodwill benefits when an employee accepts the offered incentive and continues his employment does not mean that the incentive *gives rise* to an

employer's interest in restraining the employee from competing. Under MMC's analysis, a company could require an employee to sign a covenant not to compete with any incentive offered to and accepted by the employee. MMC's analysis renders the "give rise" requirement in *Light* meaningless.

Cook contends this case is more akin to a federal case applying the test set forth in *Light*. *See Olander v. Compass Bank,* 172 F.Supp.2d 846 (S.D.Tex.2001), *aff'd,* No. 01–21151, 44 Fed.Appx. 651 (5th Cir.2002). Olander was a vice president of Compass Bank. They entered into several stock option agreements that contained covenants not to compete. After resigning from the bank, Olander sought a declaratory judgment that the covenant not to compete was unenforceable. Following the requirement in *Light* that the consideration given by the employer must *give rise* to the employer's interest in restraining the employee from competing, the court held that the stock options do not give rise to either the bank's goodwill interests it seeks to protect or to the bank's interest in restraining Olander from competing. *Id.* at 855.

We agree with the court's reasoning and analysis in *Olander*. The *give rise* requirement may be met only if the consideration given by the company creates the interest in restraining competition. This, in turn, will occur only where the interest in restraining competition did not exist before the consideration was given. Under our facts, MMC's interest in restraining Cook from competing did not change or arise at the time that it transferred the stock to Cook. MMC offered the stock option to Cook because he was a valuable employee. Cook did not become any more valuable to MMC after he exercised the option and MMC transferred the stock to him.

We overrule MMC's issues and affirm the trial court's order.