NUMBER 13-09-00290-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI—EDINBURG



 



 

HECTOR
MORALES,                                                                              Appellant, 

 

v.

 

INFORMATION
REFERRAL 

RESOURCE
ASSISTANCE,         INC.,                                                Appellee.



 



 

On appeal from the 206th District Court 

Hidalgo County, Texas



 



 

MEMORANDUM OPINION

Before Justices Garza, Vela, and Perkes   

Memorandum Opinion by Justice Perkes 


            In this employment case, appellant, Hector Morales, appeals
the trial court’s summary judgment entered in favor of his employer,
Information Referral Resource Assistance, Inc. (the “School”).[1] 
The record shows that, as a matter of law, Morales was employed at will when
his employment was terminated.  We affirm.

I.  FACTUAL AND PROCEDURAL BACKGROUND

The School employed Morales to teach
at a charter school it operated.  During the 2006-2007 school year, a student
accused Morales of providing test answers to another student while Morales
proctored the Texas Assessment of Knowledge and Skills (“TAKS”) test at the
charter school.  Morales disputes the accusations and video footage taken
during the TAKS test which allegedly shows Morales breaching testing protocol
by his interactions with a student.  After a brief, informal investigation, the
School terminated Morales’s employment.  Morales sued the School for wrongful
termination.  The School moved for summary judgment on the ground Morales was
an at-will employee under the employment contract.  The trial court granted a
final summary judgment in favor of the School and this appeal followed.

II.  ISSUES PRESENTED

            By three issues, Morales argues the trial court erred by granting
summary judgment, and asserts there are genuine issues of material fact
regarding:  (1) whether Morales’s employment contract was an at-will agreement;
(2) whether Morales’s employment contract was ambiguous concerning at-will
termination; and (3) whether the parties conducted themselves in accordance
with the employment contract.

III.  STANDARD OF REVIEW

            We review a trial court’s summary judgment de novo.  Valence
Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  To obtain a traditional summary
judgment, a movant must either negate at least one element of the plaintiff's
theory of recovery or plead and conclusively establish each element of an
affirmative defense.  See Tex. R.
Civ. P. 166a(c); Centeq Realty, Inc. v. Siegler, 899 S.W.2d
195, 197 (Tex. 1995).  Once the movant produces sufficient evidence to
establish the right to summary judgment, the nonmovant must present evidence
sufficient to raise a fact issue.  Centeq Realty, Inc., 899
S.W.2d at 197.  We
examine the entire record in the light most favorable to the nonmovant,
indulging every reasonable inference in the nonmovant’s favor and resolving any
doubts against the movant.  City of Keller v. Wilson, 168 S.W.3d
802, 824 (Tex. 2005) (citing IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc.
v. Mason, 143 S.W.3d 794, 798 (Tex. 2003)).

IV. 
DISCUSSION

            By his first issue, Morales argues
summary judgment was improper because there is a fact issue regarding whether
his employment was at will.  Specifically, Morales argues that he did not
intend to be employed at will, and that his employment was not at will because
it was for a term of 190 days.  We disagree and find Morales’s contract was for
at-will employment.  

            Absent a specific agreement to the
contrary, employment in Texas may be terminated by an employer at will—that is,
for good cause, bad cause, or no cause at all.  Midland Judicial Dist. Cmty.
Supervision & Corrs. Dep’t v. Jones, 92 S.W.3d 486, 487 (Tex. 2002)
(per curiam).  To modify the at-will employment relationship, an employer must
unequivocally manifest a definite intent to be bound not to terminate an
employee except under clearly specified circumstances.  Id.  

An employment contract for a term may
still be at will if the agreement allows termination for any reason.  C.S.C.S.,
Inc. v. Carter, 129 S.W.3d 584, 591 (Tex. App.—Dallas 2003, no pet.); Curtis
v. Ziff Energy Group, Ltd., 12 S.W.3d 114, 118 (Tex. App.—Houston [14th
Dist.] 1999, no pet.).  An employee’s subjective understanding—that his
employment may only be terminated for cause or that his employment is for a
term—does not create a contract.  Ed Rachal Found. v. D’Unger, 207
S.W.3d 330, 332 (Tex. 2006) (per curiam) (rejecting at-will employee’s personal
understanding that his contract was for a renewable one-year term); Matagorda
County Hosp. Dist. v. Burwell, 189 S.W.3d 738, 740 (Tex. 2006) (per curiam)
(rejecting at-will employee’s understanding based on employment handbook that
she could only be terminated for cause).  In the usual case, the contract alone
will be deemed to express the intention of the parties because it is the objective,
not subjective, intent that controls.  Matagorda County Hosp. Dist., 189
S.W.3d at 740. 

Morales asserts that according to his
understanding of the employment contract, he could not be terminated at will and
was “bound by his contract” so “that he could not just simply walk away from
his job.”  Morales argues that his agreement was based upon a specified salary
for a definite period of time, and as such his employment could not be
terminated except for cause.  Morales argues further that when presented with
the at-will contract, he requested and was then promised a certified-teacher
contract, similar to the contracts he had received in prior years, under which
his employment would not be at will.[2] 
Morales, however, admits that he subsequently signed the at-will employment
contract.    

Morales’s employment contract is clearly
titled:  “AT-WILL CONTRACT . . . for Non-Certified Classroom Teacher.”  (emphasis
in original).  Paragraph 1 of the contract is titled “Term” and states the School
agrees to employ Morales “on a 190 school days basis for the 2006-2007 school
year(s) . . . .”  Paragraph 7 of the contract states that employment is at will
and it is reproduced here in its entirety:

Termination
and Nonrenewal of Contract.  The Employee understands that he/she is an at-will
employee and, as such, may be terminated at any time, with or without cause, in
accordance with Texas law.  Furthermore, the Board has the sole discretion
whether or not to renew Employee’s contract at the beginning of each School
year.  

 

Paragraph 8.3 of the contract is an integration clause which,
in relevant part, provides as follows:

Entire
agreement:  All existing agreements and contracts, both verbal and written,
between the parties regarding the employment of the Employee are superseded by
this Contract.  This Contract, and any addenda, constitutes the entire
agreement between the parties. 

 

In Ed Rachal Foundation, the
Supreme Court of Texas addressed whether an employee’s understanding that he
worked under a one-year renewable term contract, was sufficient to alter the
at-will employment relationship.  Ed Rachal Foundation, 207 S.W.3d at
332.  The employee was hired at a salary of $80,000 per year, and later was discharged
as a result of differences with his employer.  Id. at 331.  The employee
presented evidence that his contract was renewed annually in the past and that he
believed he had a contract for a one-year term which could not be terminated at
will.  Id. at 332.  The court held that the employee’s subjective belief
was not unequivocal evidence that the employee was not an at-will employee.  Id.
at 332.  

As in Ed Rachal Foundation,
Morales’s subjective understanding, even to the extent it is based on past
employment-contract history, is insufficient to change the at-will relationship
status set forth in Morales’s employment contract.  Further, Morales’s
employment contract contained an integration clause which states the employment
contract supersedes any existing agreements between the parties concerning
Morales’s employment.  The integration clause renders any prior agreement on
the subject of Morales’s at-will employment unenforceable.  See Hallmark v.
Port/Cooper-T. Smith Stevedoring Co., 907 S.W.2d 586, 590 (Tex. App.—Corpus
Christi 1995, no writ) (analyzing effect of integration clause in an employment
contract); see also Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of
Am., No. 08-0989, 2011 WL 1445950, at *7 (Tex. April 15, 2011) (discussing
integration clauses).  

Morales cites several cases for the
proposition that his employment could not have been at will because it was for
a specific term—190 days.  Morales’s legal authority is factually
distinguishable because the employment contract at issue in each of those cases
either did not contain an at-will clause or expressly limited the employer’s
right to terminate at will.  See Goodyear Tire & Rubber Co. v. Portilla,
879 S.W.2d 47, 51-52 (Tex. 1994) (concluding employer expressly contracted not
to terminate otherwise at-will employee for violation of anti-nepotism policy);
Air America Jet Charter, Inc. v. Lawhon, 93 S.W.3d 441, 443 (Tex. App.—Houston
[14th Dist.] 2002, pet. denied) (explaining contract did not contain an at-will
clause); Larson v. Family Violence & Sexual Assault Prevention Ctr. of
S. Tex., 64 S.W.3d 506, 518-19 (Tex. App.—Corpus Christi 2001, pet. denied)
(affirming summary judgment and holding employment was at will); Demunbrun
v. Gray, 986 S.W.2d 627, 628 (Tex. App.—El Paso 1998, no pet.) (employment
contract did not include an at-will clause, but did include an annual salary).  We
also note that most of the cases on which Morales relies were decided before
the Supreme Court of Texas rejected the “English Rule.” See Midland Judicial
Dist. Cmty. Supervision & Corrs. Dep’t, 92 S.W.3d at 487 (rejecting the
English Rule); Ed Rachal Foundation, 207 S.W.3d at 331-32 (noting that under
the English Rule, hiring an employee for a stated sum per week, month, or year
constituted a promise of definite employment for that term).  

Here, the plain language of the
contract shows Morales was employed at will.  The contract allowed the School
to terminate Morales’s employment with or without cause.  The 190-day term of
the contract was expressly qualified by the School’s right to terminate Morales
“at any time.”  See C.S.C.S., Inc., 129 S.W.3d at 591 (holding twenty-four
month term employment contract was for at-will employment); Curtis, 12
S.W.3d at 117-18 (holding one-year employment contract was for at-will
employment).  We hold that, as a matter of law, the parties’ written contract
unambiguously provided for at-will employment.  Morales’s first issue on appeal
is overruled.  

By his second issue, Morales argues
summary judgment was improper because contractual ambiguities exist regarding
whether he could be terminated at will or only for cause.  Morales asserts that
the presence of both a definite time period of employment and an at-will
provision makes the contract ambiguous.  Morales also asserts that the
contract, when read in view of existing circumstances and in conjunction with
other agreements, somehow creates an ambiguity.  A review of Morales’s
pleadings and summary judgment response, however, shows that he did not raise the
issue of ambiguity in the trial court.  In summary judgments, “[i]ssues not
expressly presented to the trial court by written motion, answer or other
response shall not be considered on appeal as grounds for reversal.”  Tex. R. Civ. P. 166a(c).  Accordingly, Morales waived any
complaint that the employment contract includes an ambiguity with respect to
whether his employment was at will.  See D.R. Horton–Tex., Ltd. v. Markel
Int’l Ins. Co., 300 S.W.3d 740, 743 (Tex. 2009); Garrod Invs., Inc. v.
Schlegel, 139 S.W.3d 759, 765-66 (Tex. App.—Corpus Christi 2004, no pet.). 
Morales’s second issue on appeal is overruled.

By his third issue, Morales argues summary judgment was improper because
there are fact questions
regarding whether Morales complied with his employment contract in
administering the TAKS test and whether the School breached the employment
contract by giving conflicting justifications for terminating his employment.  However,
we have already concluded that the School could have terminated Morales’s
employment with or without cause, even if he complied with the contract in all
respects.  See Midland
Judicial Dist. Cmty. Supervision & Corrs. Dep’t, 92 S.W.3d at 487.  Accordingly, the
summary judgment was proper regardless of whether Morales complied with his
contract.  Morales’s third issue is overruled.  

V.  CONCLUSION

We affirm the trial court’s judgment.

 

                                                                                    _______________________________

GREGORY T. PERKES

                                                                                    Justice

 

Delivered and filed the 

26th day of May 2011. 









[1] 
The trial court also granted summary judgment in favor of the School’s
superintendant, George Banda.  Although Morales’s notice of appeal includes
both George Banda and the School, Morales states in his brief that he is
limiting his appeal to the School’s motion for summary judgment.  

 





[2] 
Morales also relies on a 2004 “Continuing Education Contract,” requiring him to
complete a master’s degree before fall 2005.  The record is silent regarding
his completion of a master’s degree.  Notwithstanding, this agreement does not
contain any limitation on the School’s ability to terminate.